## FIRESTONE TIRE & RUBBER CO. v. HAPPY MOTOR CO.

### No. 5314.

Court of Civil Appeals of Texas. Amarillo.

June 9, 1941.

Keaton, Wells & Johnston, of Oklahoma City, and Morgan Culton, Morgan & Britain, of Amarillo, for appellant.

Dennis Zimmermann, of Tulia, for appellee.

JACKSON, Chief Justice.

The appellant, the Firestone Tire and Rubber Company, a corporation, instituted

this suit in the District Court of Swisher County, Texas, on June 14, 1939, against the appellee, the Happy Motor Company, a corporation, to recover a debt amounting to $719.23 for goods, wares and merchandise alleged to have been sold and delivered to appellee by the appellant.

The petition contained the necessary allegations to state a cause of action, and attached thereto is an itemized verified account which discloses that the merchandise had been sold and delivered from July 29, 1931, to and including February 17, 1932.

The appellee demurred and excepted for the reason that it affirmatively appeared from the appellant's petition that its cause of action as therein stated accrued more than two years and more than four years before the institution of the suit and hence was barred by the statutes of limitation.

In a supplemental petition the appellant replied that the account attached to the original petition and made a part thereof was just, due and unpaid and that neither the two nor the four years statutes of limitation were a defense because the obligation had been recognized on October 6, 1938, by an instrument in writing signed by the appellee which is in the form of a letter and reads as follows:

"Happy, Texas
"Oct 6, 1938
"Firestone Tire & Rubber Co.,
    "Oklahoma City, Okla.
"Gentlemen:
    "If you will purchase one or more new automobiles from the Happy Motor Co., we agree to apply our commissions accruing from the sale, to the balance of our account with you, amounting to $719.23.
    "Your doing this will be of assistance to us in liquidating this obligation.
        "Yours truly,
            "Happy Motor Company
            "By (Signed) T. L. Fore"

The appellee in a first supplemental petition excepted to the alleged writing and contended that it was not an unequivocal and unconditional acknowledgment of the debt or a promise to pay the account sued upon.

The court sustained the exceptions of appellee holding that it affirmatively appeared from the original and supplemental petitions of the appellant that the debt sued on was barred by the two and the four years statutes of limitation and dismissed the suit, which action of the court is before us for review.

It is evident that all the items of the account constituting the debt upon which a recovery is sought were according to appellant's pleading barred both by the two and the four years statutes of limitation when the suit was filed unless relieved from the operation thereof by the written instrument pleaded by appellant as a defense to limitation. Article 5526, Section 4, Article 5527, Section 1, Vernon's Annotated Texas Civil Statutes.

The appellant contends that the letter pleaded, which was written and signed by appellee and copied above, is an absolute and unconditional acknowledgment of the debt of appellee to appellant and contains no condition and is a promise to pay.

Article 5539, Vernon's Annotated Texas Civil Statutes, is as follows: "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

If the letter is an unequivocal and unconditional acknowledgment of the justness of the debt, then, in the absence of anything to the contrary in the writing, the law implies a promise to pay and the statute of limitation becomes inoperative. Canyon Loan Co. et al. v. Gamble, Tex. Civ.App., 105 S.W.2d 272, and authorities cited, affirmed in First Nat. Bank in Canyon et al. v. Gamble, 134 Tex. 112, 132 S. W.2d 100, 125 A.L.R. 265. See also York v. Hughes, Tex.Com.App., 286 S.W. 165. However, if the acknowledgment of the debt is qualified by a condition contained in the writing, the law does not imply a promise to pay unconditionally nor upon any condition not specified therein and then only on compliance with the condition named.

The letter consists of but two sentences and that it contains a condition which is a material part of the writing is made obvious by a transposition of the condition clause so the letter, omitting the date, address and signature, reads as follows:
"Gentlemen:

    "We agree to apply our commissions accruing from the sale, if you will purchase one or more new automobiles from the

Happy Motor Company, to the balance of our account with you amounting to $719.23.

"Your doing this will be of assistance to us in liquidating this obligation."

■ We believe that this letter, while it acknowledged the debt, contained a condition that removes the legal implication of a promise to pay without a compliance with the condition named and there is no contention that appellant purchased any automobile or automobiles from appellee.

In Mitchell v. Clay, 8 Tex. 443, it is said: "It is perfectly well settled that the acknowledgment of a debt, if accompanied with a promise to pay conditionally, is of no avail, unless the condition to which the promise is subjected by the defendant is complied with, or the event has happened upon which the promise depends."

In York v. Hughes, Tex.Com.App., 286 S.W. 165, 167, the court says: "In order to remove the bar of limitation from a barred indebtedness, there must be a new promise to pay same, evidenced by writing on the part of the debtor. The liability of the debtor, in such a case, depends, not upon the old obligation, but upon the new promise. This new promise need not be expressed in the writing, but may be implied from what is written. An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by expressions indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness. But if the acknowledgment of the existence of the indebtedness be qualified by an expressed promise to pay same conditionally, a promise different from the one so expressed will not be implied. In such a case the fulfillment of the named condition becomes a prerequisite to the debtor's liability on the new promise. Salinas v. Wright, 11 Tex. 572; McDonald v. Grey, 29 Tex. 80; Webber v. Cochrane, 4 Tex. 31; Smith v. Fly, 24 Tex. [345] 354, 76 Am.Dec. 109; Mitchell v. Clay, 8 Tex. 443; Coles v. Kelsey, 2 Tex. [541] 556, 47 Am. Dec. 661; Rowlett v. Lane, 43 Tex. 274; Howard v. Windom, 86 Tex. 560, 26 S.W. 483."

To the same effect is the holding in the following cases: American Exchange Nat. Bank of Dallas v. Keeley, Tex.Civ.App., 39 S.W.2d 929; Smallwood v. Melton et al., Tex.Civ.App., 97 S.W.2d 781; Rappmund v. Zalontz, Tex.Civ.App., 137 S.W.

2d 870; Chandler et al. v. Alamo Mfg. Co. et al., Tex.Civ.App., 140 S.W.2d 918.

Inasmuch as the pleadings of appellant with the attached itemized and verified account disclosed that the debt was barred by limitation and the letter upon which appellant relies to remove the bar of limitation was conditioned upon the purchase from appellee by appellant of one or more new automobiles, which condition was never performed, the court, we think, correctly sustained appellee's exceptions and dismissed the case.

The judgment is affirmed.