**Robert G. ANDREWS, Appellant,**

v.

**I.K. COHEN, Appellee.**

**No. 12–82–0064–CV.**

Court of Appeals of Texas,
Tyler.

Jan. 26, 1984.
Rehearing Denied Feb. 23, 1984.

Terry M. Thorn, Palestine, for appellant.

A.D. Henderson, Palestine, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a judgment in which the trial court held that a debtor's letter constituted an acknowledgment which removed a debt from the operation of the statute of limitations.

I.K. Cohen (plaintiff/appellee) brought suit seeking a declaratory judgment establishing that he was the true and lawful owner of a one and one-half per cent interest in two limited partnerships, namely, the Texas Recovery Company, LTD. and Camp Hill Oil Company, LTD.; and for judgment on a debt not evidenced by a writing, created by a series of loans of money which appellee made to Robert G. Andrews (defendant/appellant) over a period of years. Cohen also pleaded that the court recognize that the assignment of the partnership interests was intended as collateral and as a pledge to secure the loans and prayed for judicial foreclosure of said collateral because of appellant's default. In addition, appellee pleaded that appellant had acknowledged, in writing, the justness of the debt sued on and that said acknowledgment was sufficient to toll the statute of limitations.

Appellant filed a general denial, and alleged an affirmative defense of lack of consideration for the assignment of the partnership interests, and in the alternative, pleaded that the assignment of such interests was intended as collateral security for the alleged indebtedness. Appellant further pleaded that the loans became due and payable more than two years prior to the time that appellee filed this suit and that such debt was therefore barred by the statute of limitations and was usurious. In a counterclaim appellant alleged that appellee had conducted a private sale of the certificates evidencing the partnership interests in violation of Tex.Bus. & Com.Code Ann. § 9.504; that said sale should be set aside and appellant declared to be the true and lawful owner of said partnership interests; and that the interest contracted for charged or received on said loans was usurious.

Trial was to the court without a jury. The court rendered judgment that appellee recover from appellant the sum of $78,555.90 with interest at the rate of 10% per annum from the date of judgment until paid; that the certificates representing a one and one-half per cent interest in the limited partnerships were pledges securing the debt and ordering said certificates sold at public sale with the proceeds, after expenses, applied as a credit to this judgment. It was further ordered that Texas Recovery Company, Ltd. and Camp Hill Oil Company,

Ltd. be awarded $750 as reasonable attorney's fees to be taxed as costs. Findings of fact and conclusions of law were requested by appellant and filed by the court. Additional and amended findings of fact and conclusions of law were requested by appellant but none were filed.

We reverse in part; judgment modified, and as modified, affirmed.

Beginning in 1971 and continuing through 1979, appellee made numerous loans of money to appellant, each based upon an oral promise to repay. Appellee kept a running account of said indebtedness showing dates, amount of loans, interest and balance due. (Stipulated into evidence from PX–5.) On April 10, 1977, appellant transferred his one and one-half per cent interest in the Camp Hill Oil Company, Ltd. partnership and the Texas Recovery Company, Ltd. partnership to appellee. In July 1979 appellee made demand upon appellant for payment of the balance of the indebtedness and on September 4, 1980, filed this suit. Of the total amount of the debt, $60,927.30 was outstanding as of July 13, 1977. On October 2, 1980, appellant signed and mailed a letter to appellee which read as follows:

OCTOBER 2, 1980

Mr. I.K. Cohen

Dallas, Texas

Dear Sonny:

By this letter *I am proposing that we arrange for the repayment to you of moneys advanced to me at various times over a period of several years.*

*We will agree that the total indebtedness as of Oct. 5, 1980 is $90,000.00. This amount will be repaid by me over a period of 5 years commencing Dec. 6, 1980.* All proceeds from my 1.5% interest in the Camp Hill & Texas Recovery limited partnerships will be paid to you by the partnerships and will be applied toward the reduction of the indebtedness. To facilitate this, the interests will be assigned to you. I will have the right to redeem these interests at any time during the 5-year period, specified above, by payment of the balance of the indebtedness.

When full payment is made, the interests will automatically revert to me.

It is agreed that the amount of indebtedness set forth above includes the total amount of all past advances from you to me plus an amount calculated to pay for a $50,000.00 insurance policy on my life. The proceeds of the policy will be applied to repayment of the indebtedness. The balance, if any, will be paid to my heirs. Funds presently held by the limited partnerships which are attributable to the aforesaid 1.5% interest will be disbursed to you and me in equal shares and will not be credited against the indebtedness. *Any suits presently pending between us will be dismissed.*

*If the foregoing is acceptable to you, please so indicate by signing in the space provided below within 5 days of the date hereof.* (Emphasis added.)

> s/s   ROBERT G. ANDREWS
> ROBERT G. ANDREWS

Accepted and agreed to

on ―――――, 1980.

―――――

ISADORE K. COHEN

On October 4, 1980, appellee replied to appellant with a letter refusing to accept appellant's October 2, 1980, proposal.

Appellant predicates his appeal on two points of error alleging that the court erred: (1) in its judgment because $60,-927.30 of the alleged debt was barred as a matter of law by the two-year statute of limitations, and (2) "in rendering judgment for appellee for any sum in excess of $3,625.93 plus accrued interest thereon because the letter offered and admitted by the trial court as a written acknowledgment of debt (PX6) was not sufficient as a matter of law to remove $60,927.30 of the debt plus accrued interest thereon from the operation of the statute of limitations." In view of their interrelationship both points will be addressed together.

An unequivocal and unconditional acknowledgment of the justness of a debt, which has been barred by the statute of limitations, has the effect of taking the

debt outside the operation of the statute of limitations. *Firestone Tire & Rubber Co. v. Happy Motor Co.,* 152 S.W.2d 778 (Tex.Civ. App.—Amarillo 1941, no writ). In order to remove the bar of limitations, there must be a new promise to pay the same in writing on the part of the debtor, and the liability of the debtor depends, *not upon the old obligation but upon the new promise. York v. Hughes,* 286 S.W. 165 (Tex.Comm'n App. 1926). If an acknowledgment of the existence of an indebtedness is qualified by a conditional promise to pay, a promise different from the one so expressed will not be implied and the creditor must fulfill the named condition as a prerequisite to the debtor's liability on the new promise. *Id.* In the instant case the October 2, 1980, letter, although containing a general acknowledgment of the indebtedness, also contained certain conditions as to the payment of this indebtedness. They are as follows: (1) that any suits which were presently pending between appellant and appellee would be dismissed; (2) that said amount owed would be paid over a period of five years, commencing December 6, 1980; and (3) that appellee must acknowledge the acceptance of appellant's proposal within five days of the date of the October 2, 1980, letter by signing at the bottom of said letter. The record is clear that appellee specifically rejected appellant's proposal in his October 4, 1980, letter. Further, this suit which was pending between appellee and appellant was not dismissed. Appellee has failed to fulfill the conditions stated in appellant's October 2, 1980, proposal and therefore appellant is not liable on his new promise.

■ As a general rule when money is payable on demand, it is due immediately and no demand is necessary to start the running of the statute of limitations. *Loomis v. Republic Nat. Bank of Dallas,* 653 S.W.2d 75, 77 (Tex.App.—Dallas 1983, writ ref'd n.r.e.); *Godde v. Wood,* 509 S.W.2d 435, 443 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). Only if a demand is an integral part of a cause of action or a condition precedent to the right to sue does the statute of limitations not begin to run until a demand is made. *Loomis* and *Godde,* both *supra.* In the case at bar each loan made was payable on demand and demand for payment was not, by the agreement of the parties, made a condition precedent to plaintiff's right to sue; we conclude that the statute of limitations began to run at the time the respective loans were made.

■ Prior to August 27, 1979, art. 5526[1] imposed a two-year statute of limitations for suit on a debt based upon an oral contract. Effective August 27, 1979, this provision was deleted from art. 5526 and art. 5527 was amended to provide a four-year limitation period applicable to all actions for debt. The record reflects that $60,927.30 of appellee's cause of action had accrued as principal and interest indebtedness as of July 13, 1977, and that suit herein was not filed until September 4, 1980. We hold that this portion ($60,927.30) of appellee's cause of action was barred by the two-year statute of limitations (art. 5526) on July 13, 1979.

■ The record further reflects that the debt principal accruing after July 13, 1977, amounted to the sum of $3,625.93, consisting of loans on the dates and for the amounts as follows: 10/23/1977, $291.77; 2/13/1978, $291.77; 5/5/78, $1,000.00; 5/13/78, $291.77; 8/13/78, $291.77; 11/13/78, $291.77; 1/8/1979, $291.77; 5/5/79, $291.77; 8/13/79, $291.77; 10/9/79, $291.77. Based on the evidence presented, we hold each loan above enumerated bears interest from date until paid at the rate of ten per cent per annum. Appellant's two points of error are sustained.

Accordingly, we reverse that part of the trial court's judgment awarding plaintiff a money recovery against defendant in the total sum of $78,555.90 with interest thereon from February 17, 1982, until paid together with all costs; and the trial court's judgment is modified to provide that plaintiff (appellee) recover judgment against defendant (appellant) in the principal sum of

---

1. This and all other references to articles are to the Texas Revised Civil Statutes Annotated.

$3,625.93 (consisting of ten loans enumerated above) with prejudgment interest on each loan from its respective date until February 17, 1982, and thereafter with interest on the entire sum (principal and interest) at the rate of ten per cent per annum until paid. All costs on appeal and in the court below are taxed equally against the parties.

As so modified, the trial court's judgment is affirmed.