William D. STEWART, Jr., Appellant,

v.

Mary Nelle STINE, Appellee.

No. 2-00-184-CV.

Court of Appeals of Texas, Fort Worth.

Aug. 9, 2001.

Howell, Dorman, Anderson, Berg & Smyer, L.L.P., Geffrey W. Anderson, and Cary Dorman, Fort Worth, for Appellant.

E. Glenn Gidel, and E. Glenn Gidel, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; DAY and WALKER, JJ.

## OPINION

WALKER, Justice.

### INTRODUCTION

The primary issue in this appeal is whether appellee possesses standing to sue her former son-in-law for breach of the agreement incident to divorce he entered into with appellee's daughter. Because we conclude that appellee lacks standing, we reverse the trial court's judgment for appellee and render judgment against appellee.

### FACTS

In 1984, Mary Nell Stine ("Stine") loaned her daughter, Nancy Stewart, and her son-in-law, William D. Stewart, Jr. ("Stewart") $100,000 to assist the couple in the purchase of a home. The Stewarts signed an April 26, 1984,$100,000 promissory note ("Note") payable on demand by Stine. In September 1985, the Stewarts paid Stine $50,000 pursuant to the Note, leaving a Note balance of $50,000.

The Stewarts divorced in 1992. On October 2, 1992, the 231st District Court of Tarrant County, Texas signed the Stewarts' agreed final decree of divorce and property settlement agreement. The decree approved and incorporated by reference the agreement incident to divorce signed by the Stewarts and attached to the decree.

The agreement incident to divorce awarded use of the Stewarts' home to Stewart and required him to be responsi-

ble for mortgage payments, repairs, and maintenance on the home unless and until he sold the home. The agreement incident to divorce also provided:

> [w]hen the property is sold the proceeds of said sale are to be paid as follows:
>
>> a. closing costs and all costs of sale;
>>
>> b. first lien payment to be paid in full at Alta Mesa National Bank;
>>
>> c. any monies owing to Mary Nelle Stine are to be paid in the current principal sum of $50,000.00;
>>
>> d. any and all remaining proceeds are to be divided between the parties, 50% to NANCY KAREN STEWART and 50% to WILLIAM DEAN STEWART, JR.

> The parties agree that other party can petition the Court at any time to appoint a receiver and sell the residence at 6513 Lago Vista, Fort Worth, Texas at any time.

> The parties agree that with regard to the note to Mary Nelle Stine, after application of the proceeds of the residence at 6513 Lago Vista, Fort Worth, Texas, if there are any amounts owing to Mary Nelle Stine the remaining balance owing to her will be appropriated 50% to NANCY KAREN STEWART and 50% to WILLIAM DEAN STEWART, JR. and said 50% from each party will be due and payable upon the determination that the proceeds from the sale of said residence are not sufficient to repay said $50,000.00 in full.

Stewart sold the home on November 17, 1995. The proceeds realized from the sale totaled $6,820. Stewart did not pay those proceeds to Stine.

## THE LAWSUIT

On July 27, 1998, Stine sued Stewart in the 67th District Court of Tarrant County, Texas. Stine claimed that she was a third-party beneficiary of the Stewarts' agreement incident to divorce and that, based on the above-quoted language contained in that agreement, she was entitled to enforce the provisions of the agreement incident to divorce that were made for her benefit. After a bench trial, the trial court entered judgment for Stine for $27,410 plus prejudgment and postjudgment interest.

The trial court made findings of fact and conclusions of law. The trial court found, in part, that Stine was a third-party beneficiary of the agreement incident to divorce, that Stewart breached the agreement incident to divorce, and that Stine suffered damages in the amount of $27,410.

## THE APPEAL

Stewart raises five issues in this appeal.[1] In his first issue, he contends that the 67th District Court lacked subject matter jurisdiction over Stine's lawsuit. Standing is implicit in the concept of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). Although Stewart's issue on appeal is phrased in terms of "subject matter jurisdiction" instead of "standing,"

---

1. Stewart contends: (1) that the 67th District Court lacked subject matter jurisdiction because family code section 9.001 permits enforcement of a decree providing for a property division only by the court that rendered the decree; (2) that the family code applies to suits, including those brought by third-party beneficiaries, to enforce agreements incident to divorce; (3) that the language contained in the agreement incident to divorce did not constitute an acknowledgment under civil practice and remedies code section 16.065; (4) that Stine's suit is barred under the two-year statute of limitations set forth in family code section 9.003(b); and (5) that the interest sought by Stine in her pleadings was usurious.

we liberally construe his point as raising the issue of standing because standing is a component of subject matter jurisdiction. TEX. R. APP. P. 38.1(e) (providing that the "statement of an issue or point will be treated as covering every subsidiary question that is fairly included"). We note that we are required, even on our own motion, to address a party's standing to bring suit when it is an obvious issue in the case. *Tex. Ass'n of Bus.*, 852 S.W.2d at 445-46 (supreme court addressed standing issue on its own motion).

Additionally, after this case was submitted, the supreme court addressed a non-spouse's ability, or standing, to enforce an agreement incident to divorce. *Brown v. Fullenweider*, 52 S.W.3d 169 (2001). Through a post-submission letter brief, Stine asserts that the supreme court's reasoning in *Brown v. Fullenweider* resolves the subject matter jurisdiction issue against Stewart. Application of *Brown v. Fullenweider* to the present facts squarely presents the issue of Stine's standing. Thus, we address whether Stine possesses standing to sue her former son-in-law for breach of the agreement incident to divorce he entered into with Stine's daughter.

**STANDING**

■ Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443, 445-46. Standing is a necessary component of subject matter jurisdiction. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex.2000). Standing is a question of law. *Accord Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998) (holding that because ripeness is a component of subject matter jurisdiction, it is question of law subject to de novo re-

view), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999). We construe Stine's pleadings in her favor and, if necessary, review the entire record to determine whether any evidence supports Stine's standing to sue her former son-in-law. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

**1. Stine's Pleadings**

Stine pleaded, in part:

Plaintiff would show that she is a third-party beneficiary of the Agreement Incident to Divorce insofar as payment of the [Note] is concerned, and is entitled to enforce the provisions of the Agreement Incident to Divorce that were made for her benefit.

Stine attached to her petition copies of the pertinent pages of the Stewarts' agreement incident to divorce. She claims that she sued Stewart for breach of contract, specifically breach of the agreement incident to divorce, not for *enforcement* of the agreement incident to divorce. She argues that her suit is governed by general contract law, not by the family code. Stewart, on the other hand, claims that Stine's suit is a suit to enforce a divorce decree providing for a division of property. He points out that the statute of limitations had expired on the Note and argues that Stine clearly sued him to enforce the agreement incident to divorce.[2]

**2. Third-party Beneficiary Status**

■ Stine claims, and the trial court made a conclusion of law, that she was a third-party beneficiary of the agreement incident to divorce executed between the Stewarts. The fact that a person might receive an incidental benefit from a contract to which he is not a party does not give that person a right of action to en-

**2.** On appeal, Stine concedes that "[a]t the time of the Stewarts' divorce, the four-year statute of limitations on the Note had expired."

force the contract. *MCI Telecomm. Corp. v. Tex. Util. Elec. Co.*, 995 S.W.2d 647, 651 (Tex.1999). A third party may recover on a contract made between other parties only if the parties intended to secure some benefit to that third party, and only if the contracting parties entered into the contract directly and primarily for the benefit of the third party. *Id.; Bass v. City of Dallas*, 34 S.W.3d 1, 7 (Tex.App.-Amarillo 2000, no pet.).

To qualify as one for whose benefit the contract was made, the third party must show that he is either a donee or creditor beneficiary of, and not one who is only incidently benefitted by the performance of, the contract. *MCI Telecomm.*, 995 S.W.2d at 651; *Old Republic Sur. Co. v. Cross*, 27 S.W.3d 35, 37 (Tex. App.-San Antonio 2000, pet. denied). A person is a donee beneficiary if the performance of the contract inures to his benefit as a gift. *Esquivel v. Murray Guard, Inc.*, 992 S.W.2d 536, 543 (Tex. App.--Houston [14th Dist.] 1999, pet. denied); *Brunswick Corp. v. Bush*, 829 S.W.2d 352, 354 (Tex.App.-Fort Worth 1992, no writ). An example is a prenuptial agreement in which a prospective bride promises to execute a will to benefit her prospective husband's children from a previous marriage. *Esquivel*, 992 S.W.2d at 543. A person is a donee beneficiary only if a donative intent expressly or impliedly appears in the contract. *Id.*

If, on the other hand, that performance will come to the third party beneficiary in satisfaction of a legal duty owed to him by the promisee, he is a creditor beneficiary. *MCI Telecomm.*, 995 S.W.2d at 651. In this context, a creditor beneficiary may be defined as a third person to whom the bargain-seeking party (the "promisee" or contract party exacting the particular stipulation) has an indebtedness, contractual obligation, or other legally enforceable commitment, which commitment the bargain seeker wishes to discharge or protect by stipulating that the bargain-giver (the opposing contract party or "promissor" concerning the particular stipulation) shall deliver a contract performance to the third party. *MJR Corp. v. B & B Vending Co.*, 760 S.W.2d 4, 11 (Tex. App.-Dallas 1988, writ denied). The essence of the "creditor beneficiary" position requires not only that the bargain-seeking party intend to confer a benefit upon the third party; he must further intend that the third party have the right to enforce the agreement. *Id.*

In determining whether a third party can enforce a contract, the intention of the contracting parties is controlling. *MCI Telecomm.*, 995 S.W.2d at 651. A court will not create a third-party beneficiary contract by implication. The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied. *Id.* Consequently, a presumption exists that parties contracted for themselves unless it "clearly appears" that they intended a third party to benefit from the contract. *See id.* (holding TU was not third-party beneficiary of contract between MCI and MoPac); *Bass*, 34 S.W.3d at 7-8 (holding business near street undergoing reconstruction was not third-party beneficiary of contract between city and construction company); *Old Republic Sur. Co.*, 27 S.W.3d at 37-38 (holding that plaintiff was not third-party beneficiary of surety bond for purposes of obtaining attorneys' fees under section 38.001 of the civil practice and remedies code).

We analyze the third-party beneficiary issue by interpreting the agreement incident to divorce. *See Bass*, 34 S.W.3d at 8. The construction of a written instrument is a question of law when

no ambiguity exists. *MCI Telecomm.*, 995 S.W.2d at 650. We review de novo the trial court's conclusion of law that Stine was a third-party beneficiary of the agreement incident to divorce incorporated into the Stewarts' divorce decree. *See id.* at 651.

### 3. *Brown v. Fullenweider*

In *Brown v. Fullenweider*, attorney Fullenweider represented Brown in his divorce. *Id.* at 169. Brown and his spouse signed an agreement incident to divorce. *Id.* The agreement provided that Brown was to pay his own attorneys fees. *Id.* The decree itself made no mention of attorneys fees. *Id.*

Over one year after entry of the Browns' divorce decree, attorney Fullenweider filed, in the court rendering the decree, a motion to enforce the decree by granting judgment for him and against Brown for unpaid attorneys fees. *Id.* Brown moved to dismiss Fullenweider's suit, asserting that the trial court lacked jurisdiction. *Id.* The trial court refused to dismiss the suit, severed the motion to enforce from the divorce proceeding, and ordered it docketed as a separate cause. *Id.* The trial court subsequently granted summary judgment for Fullenweider on his attorneys fees claim against Brown. *Id.* at 169-70.

Brown appealed, arguing that attorney Fullenweider was not a "party affected" by the divorce decree as required by the family code in order to seek enforcement of the decree. *Id.* at 169. The supreme court agreed. *Id.* The supreme court gave two reasons for its holding that attorney Fullenweider was not a "party affected" by the decree. First, the decree did not actually award attorneys fees to Fullenweider, but merely allocated the responsibility for paying such fees to Brown as a part of the division of Brown and his spouse's marital estate. *Id.* Second, the purpose of former sections 3.70-.77 of the family code, currently sections 9.001-.014, is to provide an expeditious procedure for enforcing and clarifying property divisions in divorce decrees. *Id.* at 170. The legislature did not contemplate resolution of issues "other than those related to the ... marital estate" via motions to enforce. *Id.* An attorney's claim against his client for fees is not an issue related to the marital estate. *Id.* Hence, the supreme court vacated the judgment of the trial court and dismissed the action for want of jurisdiction. *Id.*

### 4. Application of the Law Concerning Standing, Third-Party Beneficiaries, and of *Brown v. Fullenweider*

■ Construing Stine's pleadings liberally, in her favor, she has pleaded only a cause of action as a third-party beneficiary alleging Stewart's breach of the agreement incident to divorce. Stine is not a party to the Stewarts' agreement incident to divorce. Thus, she possesses standing to assert the cause of action she pleaded only if she is an intended third-party beneficiary of the agreement. *See MCI Telecomm.*, 995 S.W.2d at 651. Stine is an intended third-party beneficiary if she is either a donee beneficiary or a creditor beneficiary of the Stewarts' agreement incident to divorce. *Id.*

■ As previously mentioned, Stewart and Stine both agree that the Note's four-year statute of limitations expired prior to the Stewarts' execution of their agreement incident to divorce. Thus, Stewart owed no legal duty to Stine under the Note when he executed the agreement incident to divorce. Because Stewart owed no legal duty to Stine, she is not a creditor beneficiary of the Stewarts' agreement incident to divorce. *See, e.g., MCI Telecomm.*, 995 S.W.2d at 651; *Brunswick*, 829 S.W.2d at 354 (both recognizing that creditor beneficiary status is conferred only when performance of contract comes to third-party in satisfaction of *legal* obligation).

Likewise, the agreement incident to divorce fails to establish that Stine is a donee beneficiary. Stewart's performance of the agreement incident to divorce clearly was not intended to inure to Stine's benefit as a gift. *See Esquivel,* 992 S.W.2d at 543; *Brunswick,* 829 S.W.2d at 354. The agreement incident to divorce does not expressly or impliedly demonstrate a donative intent. The agreement incident to divorce does not clearly demonstrate that the Stewarts entered into the agreement incident to divorce with the intent of conferring a gift to Stine. Rather, the Stewarts' intended, by entering into the agreement incident to divorce, to divide the assets and liabilities of their marital estate for the purpose of obtaining a divorce.

Having examined Stine's pleadings, asserting her right to recovery based solely on the agreement incident to divorce, and having reviewed the agreement incident to divorce, we hold that as a matter of law Stine was not a creditor beneficiary or a donee beneficiary of the Stewarts' agreement incident to divorce. Rather, Stine was merely an incidental beneficiary who possessed no standing and no enforceable rights concerning the agreement incident to divorce. *Brunswick,* 829 S.W.2d at 354 (recognizing that "[i]ncidental beneficiaries have no enforceable rights.").

Stine argues that the supreme court's holding in *Brown v. Fullenweider* supports her position that the 67th District Court, a civil district court, possessed jurisdiction over her breach of contract suit against Stewart. She claims *Brown* simply holds that a family district court rendering a decree lacks jurisdiction over a non-spouse's suit for breach of an agreement incident to divorce because a non-spouse is not a "party affected by a decree" as required to trigger the family court's jurisdiction. Tex. Fam. Code Ann. § 9.001(a) (Vernon 1998). We disagree with Stine's interpretation of *Brown.*

Fullenweider's suit for breach of Brown's agreement incident to divorce mirrors Stine's suit for breach of the Stewarts' agreement incident to divorce. The supreme court's analysis pivoted not on the fact that Fullenweider brought suit in family court, but instead on the fact that Fullenweider could not enforce, i.e., sue for breach of, his client's agreement incident to divorce. *Brown v. Fullenweider,* 52 S.W.3d 169, 170.

The supreme court recognized that the Browns' agreement incident to divorce did not award Fullenweider attorney fees against Brown, it merely allocated responsibility for any such fees between Brown and his former wife. *Id.,* at 170. Likewise, the Stewarts' agreement incident to divorce did not award Stine a sum-certain monetary recovery from Stewart. The agreement merely outlined how proceeds from any future sale of the couple's home should be paid. The agreement provided that after payment of closing costs and outstanding liens, "any monies owing" to Stine were to be paid. The agreement further provided that if, after this application of the proceeds generated from the home's sale, "there are any amounts owing" to Stine, then Stewart was responsible for 50% of the "remaining balance owing" and Stine's daughter was responsible for 50% of the "remaining balance owing." The Stewarts' agreement incident to divorce, like the Browns' agreement incident to divorce, made no monetary award to Stine that was enforceable by Stine, against her former son-in-law. The agreement simply allocated responsibility for a debt, if it existed, between Stewart and his former wife.

We hold that Stine possessed no standing to sue her former son-in-law for breach of the agreement incident to divorce.

Therefore, the trial court possessed no jurisdiction over Stine's suit against Stewart. We sustain Stewart's fist issue. Having sustained Stewart's first issue challenging the trial court's subject matter jurisdiction over Stine's suit, we need not address Stewart's second and fourth issues arguing that the family code governs Stine's suit and that her suit is barred by the family code's two-year statute of limitations on suits to enforce property divisions.

## ACKNOWLEDGMENT

In his third issue, Stewart argues that, contrary to the trial court's conclusion, the agreement incident to divorce did not constitute an acknowledgment pursuant to section 16.065 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.065 (Vernon 1997). That provision provides:

> An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged.

*Id.* Stine, on the other hand, argues that she sued Stewart for breach of contract based on his written acknowledgment of his debt to her as set forth in the agreement incident to divorce.

"[I]n order for a written instrument to be sufficient to take a debt otherwise barred out of the operation of the statute of limitations, it must acknowledge the justness of the debt and express a willingness to pay." *Bright & Co. v. Holbein Family Mineral Trust,* 995 S.W.2d 742, 745 (Tex. App.--San Antonio 1999, pet. denied) (quoting *MMP, Ltd. v. Jones,* 695 S.W.2d 208, 209 (Tex.App.-San Antonio 1985), *rev'd on other grounds,* 710 S.W.2d 59 (Tex.1986)). An acknowledgment

is a new and separate obligation and debt. *Andrews v. Cohen,* 664 S.W.2d 826, 828 (Tex.App.-Tyler 1984, writ ref'd n.r.e.). There must be a new promise to pay, in writing, on the part of the debtor, and the liability of the debtor depends, not upon the old obligation but upon the new promise. *Id.* at 829. Therefore, if an acknowledgment of the existence of an indebtedness is qualified by a conditional promise to pay, the creditor must fulfill the named condition as a prerequisite to the debtor's liability on the new promise. *Id.* Whether a written instrument sufficiently acknowledges a barred debt is a question of law. *Bright & Co.,* 995 S.W.2d at 745.

Here, the Stewarts' agreement incident to divorce did not constitute an acknowledgment of the debt to Stine. *Compare Andrews,* 664 S.W.2d at 828 (setting forth language in letter constituting sufficient acknowledgment). The agreement incident to divorce was not addressed to Stine. An acknowledgment typically is made from the debtor directly to the creditor. *See, e.g., Bright & Co.,* 995 S.W.2d at 745-46 (employee of debtor company sent letter acknowledging unpaid royalty interests and expressing intent of "seeing . . . matter is resolved" to attorney for creditor); *Andrews,* 664 S.W.2d at 828 (appellant signed and mailed a letter to appellee acknowledging debt). The agreement did not acknowledge the justness of Stewart's debt to Stine and it did not express Stewart's willingness to pay any debt. Instead, as part of the allocation of the Stewarts' marital estate, the agreement set forth a required distribution of proceeds obtained from any sale of the Stewarts' home, a community asset. In the event, following the home's sale, "there are any amounts owing" to Stine, then the agreement allocated responsibility for payment of that amount 50% to Stewart and 50% to his former wife. We hold that the

agreement incident to divorce was not an "acknowledgment." We sustain Stewart's third issue.

## USURY

 In his final issue, Stewart claims that Stine has "made a claim violative of the Texas Usury Statutes in her First Amended Original Petition." Stewart fails to identify, however, the specific language he claims violates the usury laws. Stewart's live pleading at the time of trial contains a counterclaim against Stine for usury based on Stine's *original* petition, not her first amended petition. Stewart's appellate brief complains that Stine's "pleading" was an attempt to charge him an amount of interest greater than the amount authorized by Texas law because it requested a $50,000 payment on a $25,000 note.

Giving Stewart's varied complaints a liberal construction, it appears that Stewart is challenging Stine's original pleading's action on the Note. Stine's original pleading sought recovery of the total balance owed on the Note from Stewart. Under the Note, Stewart was responsible for the entire outstanding Note balance. Therefore, we cannot find Stine's pleading improper or usurious. When it became clear that enforcement of the Note was barred by limitations, Stine deleted her action on the Note from her pleadings and proceeded under the Stewarts' agreement incident to divorce. We disagree with Stewart's contention that Stine's pleading was usurious.

The only case cited by Stewart in support of his usury issue is *Sumrall v. Navistar Fin. Corp.*, 818 S.W.2d 548 (Tex. App.-Beaumont 1991, writ denied). We find *Sumrall* wholly distinguishable from the present case. In *Sumrall*, it was undisputed that Navistar Financial Corporation attempted to enforce clearly usurious contracts in the bankruptcy court. *Id.* at 551 ("It is uncontested that these were time/price differential contracts and there was no contractual provision to charge interest.") Here, Stine merely attempted to enforce the time-barred Note. Once the affirmative defense of limitations was established, Stine deleted her claim for recovery under the Note.

 To the extent Stewart's usury issue is intended to raise some other argument, it does not adequately apprize this Court of the error about which complaint is made. *See Tex. Mexican Ry. Co. v. Bouchet*, 963 S.W.2d 52, 54-55 (Tex.1998). Accordingly, any other arguments are waived. *See Hall v. Stephenson*, 919 S.W.2d 454, 466-67 (Tex.App.-Fort Worth 1996, writ denied). We overrule Stewart's fifth issue.

## CONCLUSION

Having sustained Stewart's first and third issues, having overruled Stewart's fifth issue, and having determined that Stine is an incidental beneficiary of the Stewarts' agreement incident to divorce who lacks standing to sue Stewart for breach of that agreement, we reverse the judgment of the trial court and render judgment that Stine take nothing.