**Mary Nelle STINE, Petitioner,**

v.

**William D. STEWART, Jr., Respondent.**

No. 01–0896.

Supreme Court of Texas.

June 27, 2002.

Rehearing Denied Aug. 22, 2002.

Tim G. Sralla, Taylor Olson Adkins Sralla & Elam, Fort Worth, for Petitioner.

Geffrey William Anderson, Edward Compere Lange, Howell Dorman Anderson Berg & Smyer, Cary Dorman, Howell Dorman Loyd Sams & Lane, P.C., E. Glenn Gidel, Fort Worth, for Respondent.

PER CURIAM.

Mary Nelle Stine brought a third-party beneficiary breach of contract claim against William Stewart, her former son-in-law, for refusing to pay Stine the proceeds from the sale of property as required under an Agreement Incident to Divorce. The issue is whether Stine was an intended third-party beneficiary of the agreement. The trial court concluded that Stine was an intended third-party beneficiary under the agreement's terms and rendered judgment for Stine. The court of appeals concluded that Stine was only an incidental beneficiary and reversed the trial court's judgment. 57 S.W.3d 94, 104. We hold that Stine was an intended third-party beneficiary of the agreement. Accordingly, we reverse the court of appeals' judgment and remand this case to the trial court to render judgment consistent with this opinion.

On April 26, 1984, Stine loaned her daughter and son-in-law Stewart $100,000 to purchase a home. In return, the Stewarts jointly executed a promissory note for $100,000, payable on demand to Stine. The note required interest payments at a floating rate adjusted every six months to one percent below the prime rate. It also required the Stewarts to pay the interest on the first of each month as it accrued on the unpaid principal. The Stewarts did not give a security interest or mortgage to secure the note. The Stewarts eventually paid $50,000 on the note, leaving $50,000, together with unpaid accrued interest, due.

The Stewarts divorced on October 2, 1992. The couple executed an Agreement Incident to Divorce on October 1, 1992, which disposed of marital property, including the home the agreement identifies as the Lago Vista property. The agreement provides that Stewart could lease the house, but if Stewart sold it, he agreed that "any monies owing to [Stine] are to be paid in the current principal sum of $50,000.00." The agreement further states:

The parties agree that with regard to the note to Mary Nelle Stine, after application of the proceeds of the [Lago Vista property], if there are any amounts owing to [Stine] the remaining balance owing to her will be appropriated 50% to NANCY KAREN STEWART and 50% to WILLIAM DEAN STEWART, JR. and said 50% from each party will be due and payable upon the determination that the proceeds from the sale of said residence are not sufficient to repay said $50,000.00 in full.

Stine did not sign the agreement.

On November 17, 1995, Stewart sold the Lago Vista property for $125,000, leaving $6,820.21 in net proceeds. Stewart did not pay these proceeds to Stine and did not make any further payments on the $50,000 principal. Consequently, on July 27, 1998, Stine sued Stewart for breaching the

agreement. On March 26, 1999, Stine amended her petition to add a claim that the agreement acknowledged the existing debt that Stewart owed her under the note.

After a bench trial, the trial court concluded that Stine was an intended third-party beneficiary of the agreement and that Stewart breached the agreement when he refused to pay Stine as the agreement required. The trial court awarded Stine $28,410 in damages, as well as pre-judgment interest and attorneys' fees, from Stewart.

The court of appeals reversed the judgment and rendered judgment for Stewart. 57 S.W.3d at 104. The court of appeals concluded that, because the agreement does not show that the Stewarts intended to confer a gift to Stine, Stine was not an intended third-party donee beneficiary of the agreement. 57 S.W.3d at 102. Additionally, the court of appeals concluded that Stine was not an intended third-party creditor beneficiary of the agreement. 57 S.W.3d at 102. This was because limitations had run on the note before Stewart executed the agreement, and thus Stewart did not owe a legal duty to Stine to repay the note. 57 S.W.3d at 101. In concluding that the agreement did not clearly show the parties' intent to satisfy an existing legal obligation, the court of appeals cited language from the agreement and determined the agreement "simply allocated responsibility for a debt, if it existed, between Stewart and his former wife." 57 S.W.3d at 102. Finally, the court of appeals held that the agreement does not clearly and unequivocally acknowledge the debt owed to Stine and, therefore, does not "express Stewart's willingness to pay any debt." 57 S.W.3d at 103.

■■■ A third party may recover on a contract made between other parties only if the parties intended to secure a benefit to that third party, and only if the contracting parties entered into the contract directly for the third party's benefit. *MCI Telecomms. Corp. v. Texas Util. Elec. Co.*, 995 S.W.2d 647, 651 (Tex.1999). A third party does not have a right to enforce the contract if she received only an incidental benefit. *MCI*, 995 S.W.2d at 651. "A court will not create a third-party beneficiary contract by implication." *MCI*, 995 S.W.2d at 651. Rather, an agreement must clearly and fully express an intent to confer a direct benefit to the third party. *MCI*, 995 S.W.2d at 651. To determine the parties' intent, courts must examine the entire agreement when interpreting a contract and give effect to all the contract's provisions so that none are rendered meaningless. *MCI*, 995 S.W.2d at 652.

■■■ To qualify as an *intended* third-party beneficiary, a party must show that she is either a "donee" or "creditor" beneficiary of the contract. *MCI*, 995 S.W.2d at 651. An agreement benefits a "donee" beneficiary if, under the contract, "the performance promised will, when rendered, come to him as a pure donation." *MCI*, 995 S.W.2d at 651; *see also* RESTATEMENT (SECOND) OF CONTRACTS § 302(1)(b). In contrast, an agreement benefits a "creditor" beneficiary if, under the agreement, "that performance will come to him in satisfaction of a legal duty owed to him by the promisee." *MCI*, 995 S.W.2d at 651; *see also* RESTATEMENT (SECOND) OF CONTRACTS § 302(1)(a). This duty may be an indebtedness, contractual obligation or other legally enforceable commitment owed to the third party. *See MCI*, 995 S.W.2d at 651.

Stine contends that she has standing to sue for breach of the agreement as a third-party beneficiary, because the Stewarts intended to secure a benefit to her—that is, the payment of the remaining balance un-

der the note. Stine also argues that whether or not limitations expired on enforcing the note, she was still a third-party creditor beneficiary because the debt remained an existing, legal obligation. Moreover, Stine contends, the agreement "acknowledges" the $50,000 debt owed to her because it recognizes that the note exists and requires the Stewarts to pay any amounts due under the note when Stewart sells the Lago Vista property. Additionally, Stine asserts that the Family Code's two-year limitations period did not bar her suit for breach of the agreement, because her claim falls under the general four-year statute of limitations for breach of contract.

Stewart responds that Stine does not have standing to sue under the agreement, because she is only an incidental beneficiary. Stewart argues that the agreement was not entered into directly and primarily for Stine's benefit, and the agreement does not fully and clearly express the intent to confer a benefit to Stine. Furthermore, Stewart asserts that, because limitations barred any action on the note when the Stewarts executed the agreement, the Stewarts did not owe Stine a legal duty. Thus, Stewart argues, Stine is not a third-party creditor beneficiary under the agreement. Moreover, Stewart contends that the agreement does not acknowledge the original note, because it does not contain unequivocal language that revives the expired debt. Finally, Stewart asserts that the Family Code's two-year limitations provision bars Stine from stating any claim against him for breaching the agreement. *See* Tex. Fam.Code § 9.003(b).

■ We agree with the court of appeals' determination that Stine was not an intended third-party donee beneficiary of the agreement. *See MCI*, 995 S.W.2d at 651. But, we conclude that Stine is a third-party creditor beneficiary. The agree-

ment expressly provides that the Stewarts intended to satisfy an obligation to repay Stine the $50,000 that the Stewarts owed her. Specifically, the agreement refers to the monies owed to Stine as "the current principal sum of $50,000." Then, the agreement states that Stewart agreed to pay the property sale net proceeds "with regard to the note" to Stine. The agreement further provides that, if the property sale net proceeds did not cover the amount owed to Stine, the remainder would be immediately due and payable from the Stewarts, with each owing one half. Thus, the agreement expressly requires the Stewarts to satisfy their existing obligation to pay Stine. *See MCI*, 995 S.W.2d at 651.

In determining if Stine was a third-party creditor beneficiary, the court of appeals should have examined the entire agreement and given effect to all its provisions. *See MCI*, 995 S.W.2d at 652. For example, the court of appeals determined that the Stewarts' agreeing to pay the net proceeds from the Lago Vista property sale for "any monies owing to Mary Nelle Stine" did not unequivocally show that the Stewarts intended to award Stine "a sum-certain monetary recovery." 57 S.W.3d at 102. This analysis ignores the agreement's other language that explicitly refers to the note, the remaining $50,000 principal the Stewarts owed Stine, and the net sale proceeds from the Lago Vista property applying to satisfy this debt.

Likewise, the court of appeals determined that the phrase "if there are any amounts owing" does not clearly show that the Stewarts intended to pay a debt. 57 S.W.3d at 102. However, this analysis ignores the statement's context. The entire clause reads:

> The parties agree that with regard to the note to Mary Nelle Stine, *after application of the proceeds* of the residence at 6513 Lago Vista, Fort Worth,

Texas, if there are any amounts owing to Mary Nelle Stine the remaining balance owing to her will be appropriated 50% to NANCY KAREN STEWART and 50% to WILLIAM DEAN STEWART, JR. and said 50% from each party will be due and payable upon the determination that the proceeds from the sale of said residence are not sufficient to repay said $50,000.00 in full.

(emphasis added). The clause as a whole shows that Stewart agreed to pay one-half of the remaining debt if, after applying the net proceeds from the Lago Vista property sale, the Stewarts still owed any of the $50,000 due.

This case is not like *Brown v. Fullenweider*, 52 S.W.3d 169 (Tex.2001), as Stewart claims. In *Brown*, we held that an attorney could not sue to recover fees under an agreement incident to divorce, because the agreement in that case "merely allocated responsibility for any such fees as part of the division of their marital estate." 52 S.W.3d at 170. Unlike *Brown*, the parties in this case did not simply list the obligation to Stine and then agree to allocate it along with any other assets and liabilities. Rather, as previously discussed, the agreement specifically requires Stewart to use the net proceeds from the Lago Vista property sale, and then, if the Lago Vista property sale proceeds do not pay the debt, the Stewarts must each pay fifty percent of the remaining debt. Notably, the Stewarts did not make similar promises to pay other third-party creditors listed in the agreement. *Cf. Brown*, 52 S.W.3d at 170 (because the agreement allocated responsibility for all the parties' obligations without distinction, no creditor could sue as a third-party beneficiary).

■ Furthermore, contrary to Stewart's argument, a third-party beneficiary does not have to show that the signatories executed the contract *solely* to benefit her as a non-contracting party. Rather, the focus is on whether the contracting parties intended, at least in part, to discharge an obligation owed to the third party. *See MCI*, 995 S.W.2d at 651. Here, the entire agreement is obviously not for Stine's sole benefit. However, certain provisions in the agreement expressly state the Stewarts' intent to pay Stine the money due to her.

■ We also conclude that the agreement acknowledged the debt owed under the note and thus created a new obligation. To show that an agreement acknowledges a debt, the Civil Practices & Remedies Code provides:

> An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged.

TEX. CIV. PRAC. & REM.CODE § 16.065. Texas courts have consistently interpreted this statute to require that an agreement: 1) be in writing and signed by the party to be charged; 2) contain an unequivocal acknowledgment of the justness or the existence of the particular obligation; and 3) refer to the obligation and express a willingness to honor that obligation. *See, e.g., Bright & Co. v. Holbein Family Mineral Trust*, 995 S.W.2d 742, 745 (Tex.App.-San Antonio 1999, pet. denied); *Andrews v. Cohen*, 664 S.W.2d 826, 828–29 (Tex.App.-Tyler 1984, writ ref'd n.r.e.); *Stefek v. Helvey*, 601 S.W.2d 168, 171 (Tex.Civ.App.-Corpus Christi 1980, writ ref'd n.r.e.); *Ginsberg v. Leal*, 462 S.W.2d 110, 111 (Tex.Civ.App.-Waco 1970, writ ref'd n.r.e.); *Miller v. Thomas*, 226 S.W.2d 149, 152 (Tex.Civ.App.-Amarillo 1949, writ ref'd). Additionally, the amount of the obligation the acknowledgment describes must be

"susceptible of ready ascertainment." *Stefek*, 601 S.W.2d at 171. If an agreement meets these acknowledgment requirements, a party may sue for breach of that agreement. *See Siegel v. McGavock Drilling Co.*, 530 S.W.2d 894, 896 (Tex.Civ. App.-Amarillo 1975, writ ref'd n.r.e.).

Here, the agreement expressly provides that Stewart will pay the Lago Vista sale proceeds to Stine and that the Stewarts will pay any debt remaining. In executing the agreement with this express language, Stewart acknowledged that the debt existed, recognized that the obligation was just, and expressed a willingness to honor the obligation. The agreement refers to Stine as the creditor with respect to the unpaid $50,000 principal, expresses how and when Stewart must satisfy the obligation, and specifies the amount Stewart owed to her. Accordingly, the agreement meets the statutory prerequisites for an acknowledgment. *See Bright*, 995 S.W.2d at 745; *Andrews*, 664 S.W.2d at 828–29; *Stefek*, 601 S.W.2d at 171; *Ginsberg*, 462 S.W.2d at 111; *Miller*, 226 S.W.2d at 152. Consequently, the Stewarts contracted in the agreement to satisfy the obligation, and Stine may now sue for Stewart's breaching the promise to pay that obligation. *See Siegel*, 530 S.W.2d at 896.

█ Finally, the Family Code's two-year statute of limitations does not apply to bar Stine's third-party beneficiary breach of contract claim, as Stewart contends. The Family Code section Stewart relies upon states: "A suit to enforce the division of future property not in existence at the time of the original decree must be filed before the second anniversary of the date the right to the property matures or accrues or the decree becomes final, whichever date is later, or the suit is barred." Tex. Fam.Code § 9.003(b).

█ But Stine's suit for breach of the agreement is not a suit to enforce the "division of property." *See Brown*, 52 S.W.3d at 170–71 (noting that a similar Family Code provision dealt only with the enforcement of property division). Rather, Stine's claim is that Stewart breached the agreement, which, among other things, requires Stewart to pay Stine after the Lago Vista property sells. Therefore, the general four-year statute of limitations for breach of contract applies. *See* Tex. Civ. Prac. & Rem.Code § 16.051; *see also City of Houston v. Moody*, 572 S.W.2d 13, 16 (Tex.Civ.App.-Houston [1st Dist.] 1978, writ ref'd n.r.e.) (four-year statute of limitations governs acknowledgments, which are new contractual promises to pay). A party asserting a breach of contract claim must sue no later than four years after the day the claim accrues. Tex. Civ. Prac. & Rem.Code § 16.051. It is well-settled law that a breach of contract claim accrues when the contract is breached. *See Smith v. Fairbanks, Morse & Co.*, 101 Tex. 24, 102 S.W. 908, 909 (1907). Here, the earliest date on which Stewart could have breached his promise to pay Stine was on November 17, 1995, the date when the Lago Vista property sold. Stine sued Stewart on July 27, 1998, and amended her petition on March 26, 1999, less than four years after this occurred. Thus, applying the general four-year statute of limitations to Stine's claims, Stine timely filed suit. *See* Tex. Civ. Prac. & Rem.Code § 16.051.

The agreement's language clearly shows that Stewart intended to secure a benefit to Stine as a third-party creditor beneficiary. The agreement also acknowledges the existence of a legal obligation owed to Stine and thus revives it as an enforceable obligation. Consequently, Stewart breached the agreement when he refused to pay Stine the money owed to her as the agreement requires. Moreover, Stine timely filed her third-party beneficiary breach of contract claim within the general four-year

limitations period. Accordingly, we reverse the court of appeals' judgment and remand this case to the trial court to render judgment consistent with this opinion. *See* Tex.R.App. P. 59.1.