Opinion issued June 26, 2014



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-13-00346-CV

———————————————

**PRECHECK, INC., Appellant**

**V.**

**QUIK CHECK RECORDS, INC., Appellee**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-73999**

---

## MEMORANDUM OPINION

Appellant, Precheck, Inc., challenges the trial court's summary judgment in favor of appellee, Quik Check Records, Inc. ("Quik Check"). In four issues, Precheck argues that summary judgment was improper because (1) Quik Check

failed to establish that an open account existed between them; (2) no terms remained to be decided, so an open account could not exist between the parties; (3) Precheck did not consent to or have knowledge of the existence of an open account; and (4) the evidence presented was not sufficient to support summary judgment.

We affirm.

### Background

Precheck is a consumer reporting agency engaged in the business of doing background investigations for businesses and other corporate clients. Precheck engaged Quik Check to provide specified background information. At some point in 2009, the parties ceased doing business with one another. Precheck alleged that Quik Check was not meeting its needs and terminated their business relationship. Quik Check alleged that it ceased providing services to Precheck because Precheck refused to pay certain invoices dating between 2003 and 2006. Quik Check presented Precheck with the invoices that it claimed remained unpaid, but Precheck refused to pay them.

On November 9, 2010, Precheck petitioned for a declaratory judgment, seeking "to clarify its legal relationship" with Quik Check. Precheck asked the trial court to construe the contract between the parties and to declare that the unpaid invoices were not "just and true," or, alternatively, that collection on the

2

invoices was barred by the statute of limitations. Precheck also sought recovery of its attorney's fees. Precheck attached copies of invoices it had received from Quik Check and a summary of its allegedly unpaid invoices, indicating a total amount due of $21,964.

On November 28, 2010, Quik Check filed a counterclaim, seeking to recover the $21,964 in unpaid invoices based on a breach of contract cause of action. Precheck subsequently moved for summary judgment, arguing that collection on all but two of the invoices was barred by the statute of limitations. It argued that each of the unpaid invoices constituted a separate agreement and that limitations began to run separately on each. Precheck argued that, when it filed suit on November 9, 2010, the statute of limitations had run on all of the invoices except two: one billed on October 31, 2006, and a second billed on November 30, 2006. Precheck further argued that all of the invoices for which Quik Check sought recovery were "not just and true."

Quik Check responded to the motion for summary judgment, arguing that it had been doing business with Precheck since 1995. It further argued that all charges in the invoices constitute one contract, and because "the last two charges were within the statute of limitations, all charges should be collectible because they were one contract that was still open at the time the counter-suit was filed." Quik

3

Check also argued that Civil Practice and Remedies Code section 16.069 allowed it to collect on its breach of contract cause of action.[1]

Quik Check also provided the affidavit of its representative, John Pergerson. He averred that Quik Check had been doing business with Precheck since 1995 and that Quik Check's records "show that a total principal balance of $21,964.00, exclusive of interest, is due and payable by Precheck, Inc. to Quik Check Records, Inc." Quik Check also provided several examples of requests for service that it received from Precheck between 2004 and 2006. Precheck filed a second motion for partial summary judgment, arguing that the invoices were barred by the statute of limitations and that section 16.069 was inapplicable.

On January 12, 2012, Quik Check amended its counterclaim to seek recovery on a sworn account based on its breach of contract action. It also moved for summary judgment, requesting that the trial court dismiss Precheck's claims and award Quik Check judgment on its counterclaim for breach of contract based on Precheck's failure to pay the disputed invoices. Quik Check argued that it sought recovery under an open account and, thus, the statute of limitations had not run because it had filed its countersuit within four years of the last date on which

---

[1] Civil Practice and Remedies Code section 16.069 provides that when a counterclaim arises out of the same transaction or occurrence as the claim that is the basis of an action, a party to the action may file the counterclaim even though in a separate action it would be barred by limitations on the date the party's answer was due. TEX. CIV. PRAC. & REM. CODE ANN. § 16.069 (Vernon 2008).

4

the parties had dealings with each other. Alternatively, it argued that section 16.069 applies "if there is a statute of limitations problem." Quik Check asserted that it should be allowed to proceed with its counterclaim to collect all charges due from Precheck, including those that were invoiced more than four years prior to its filing of its counterclaim, because Precheck initiated the lawsuit and asked for affirmative relief. Quik Check again attached Pergerson's affidavit and numerous documents supporting its claim, including a statement of Precheck's account with Quik Check, multiple requests for services, invoices, and payment receipts.

Precheck responded, arguing that the relationship between the parties "cannot be considered an 'open account' because the account was at no time 'open' for ongoing credit or debit entries" and because there was no evidence of the account still being open. Precheck also argued that section 16.069 did not apply to "revive" Quik Check's claims.

On March 18, 2013, the trial court granted Quik Check's motion for summary judgment and denied Precheck's motion for summary judgment. On April 9, 2013, the trial court signed the final judgment, awarding Quik Check $21,964 in actual damages plus costs, attorney's fees, and pre- and post-judgment interest. This appeal followed.

## Summary Judgment

On appeal, Precheck argues that the trial court erred in entering judgment in favor of Quik Check based on Quik Check's motion for summary judgment.[2]

### A.     Standard of Review

We review a ruling on a traditional motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  In reviewing the granting of a traditional summary judgment, we consider all the evidence in the light most favorable to the respondent, indulging all reasonable inferences in favor of the respondent, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

### B.     Statute of Limitations

In the trial court, Precheck argued that all but two of the invoices on which Quik Check sought recovery were barred by the four-year statute of limitations for breach of contract claims because the causes of action accrued when each separate invoice went unpaid.  *See Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (holding that four-year statute of limitations applies to claim for breach of

---

[2]     We note that, although Precheck filed its own motion for summary judgment in the trial court, it does not challenge the trial court's denial of that motion on appeal or request that we render judgment based on its motion for summary judgment.

contract/sworn account and that cause of action accrues when contract is breached).

Quik Check, in its motion for summary judgment, asserted two grounds in avoidance of Precheck's statute of limitations argument. It argued that Civil Practice and Remedies Code section 16.069 allowed it to file its counterclaim even if that claim would have been time-barred in a separate action because Precheck filed suit against it seeking affirmative relief based on the same transactions or occurrences. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.069 (Vernon 2008) (providing that when counterclaim or cross-claim arises out of same transaction or occurrence that is basis of action, party to action may file counterclaim even though in separate action it would be barred by limitations on date party's answer was required).

Alternatively, Quik Check argued that the account between the parties was an open account under Civil Practice and Remedies Code section 16.004(c), that the cause of action accrued when the parties ceased dealing with one another, and that its claims were therefore not time-barred because its counterclaim was filed within four years of the date of the final two invoices on which it sought recovery. *See* TEX. CIV. PRAC. & REM CODE ANN. § 16.004(c) (Vernon 2002) (providing that, in suit on "open account," suit must be brought within four years of date cause of action accrues and that cause of action accrues when parties cease dealing with one

7

another).  The trial court granted Quik Check's summary judgment without stating the basis for its ruling.

When, as here, a movant asserts multiple grounds for summary judgment, and the trial court does not specify in the order the ground on which the summary judgment was granted, the nonmovant must negate all grounds on appeal.  *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  If the nonmovant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment.  *See Heritage Gulf Coast Props.*, 416 S.W.3d at 653; *see also Berthelot v. Brinkman*, 322 S.W.3d 365, 370 (Tex. App.—Dallas 2010, pet. denied) (holding that appellate court will affirm summary judgment if appellant does not present argument challenging all grounds on which summary judgment could have been granted).

In its first three issues on appeal, Precheck argues that no open account existed between the parties.  However, Precheck does not raise any issues on appeal addressing Quik Check's argument that section 16.069 allows recovery on its claim in spite of Precheck's allegations regarding the statute of limitations.  Because Precheck does not challenge the section 16.069 ground, we must uphold the trial court's summary judgment on the statute of limitations issue, and we need

8

not address Precheck's complaints regarding the open account provision in section 16.004(c). *See Heritage Gulf Coast Props.*, 416 S.W.3d at 653; *Berthelot*, 322 S.W.3d at 370.

We overrule Precheck's first, second, and third issues.

## C.    Evidence Supporting the Amount of Judgment

In its fourth issue on appeal, Precheck disputes the amount of the judgment, arguing that "the records of [Quik Check] are inaccurate in that they do not total the alleged debt or the amount of the judgment." Precheck argues on appeal that "adding the invoices supplied by Quik Check and then subtracting the payments, the total amount outstanding is less than $21,964 as claimed by the affidavit and the documents presented." However, Precheck's brief contains only a cursory citation to "Quik Check's Reply Exhibit D" without providing any specific citation to the portion of the record it finds objectionable or incomplete and without identifying any specific charges or invoices that it believes were inaccurate. *See* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Furthermore, the exhibit Precheck complains of in its brief does not support its contention that "the total amount outstanding is less than $21,964." According to Pergerson's affidavit, the exhibit that Precheck cites in its brief is a statement of Precheck's account with Quik Check. According to Pergerson, it

shows all transactions between the parties after August 29, 2003, and accounts for all just and lawful offsets, payments, and credits. The column listing the amounts of the unpaid invoices reflects total charges of $21,964, which is consistent with the amount sought in Quik Check's counterclaim and stated in Pergerson's affidavit and with the amount awarded by the trial court.

We overrule Precheck's fourth issue.

Therefore, we conclude that the trial court did not err in granting Quik Check's motion for summary judgment.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

10