IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0785
════════════
 
Via Net, U.S. Delivery 
Systems, Houston, U.S. Delivery Systems, Inc. and Corporate Express, Inc., 
Petitioners,
 
v.
 
TIG Insurance Company 

and Safety Lights Company, 
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the First District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Nine months 
after being assured it had been added as an additional insured to a vendor’s 
insurance policy, Safety Lights was denied coverage. After an unsuccessful suit 
on the policy, Safety Lights sued its vendor for breaching the promise to 
provide additional‑insured coverage.[1] That suit was filed less 
than four years after coverage was denied, but more than four years after the 
promise to provide coverage was breached. The trial court held the claim was 
barred, but the court of appeals reversed as the discovery rule might make it 
timely. Because the discovery rule does not apply to this type of claim, we 
reverse.
In early 
1996, Safety Lights informed its vendors that it would no longer buy from them 
unless it was added as an additional insured under their commercial general 
liability policies. Via Net agreed to do so, and its insurance broker issued a 
certificate of insurance in February 1997 listing Safety Lights as “holder” and 
stating that “holder is added as additional insured re: General Liability.” But 
the certificate also stated:
THIS 
CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON 
THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE 
COVERAGE AFFORDED BY THE POLICIES BELOW.
 
In fact, Via 
Net’s policy with Lumbermens Mutual Casualty Company did not provide for 
additional-insured coverage, and no endorsement adding it as an additional 
insured was ever issued.
In June 1997, 
a Via Net employee named Guy Wright was injured when Safety Lights’ employees 
allegedly dropped a 3000-pound steel plate on his hand. He sued three weeks 
later, and Safety Lights requested a defense from Lumbermens three months later. 
Pointing to its policy, Lumbermens denied the claim in a letter Safety Lights 
received on December 9, 1997.
Safety Lights 
settled Wright’s suit in 1999 for $235,000, and sued Lumbermens and Via Net’s 
broker for breach of contract and misrepresentation. A federal district court 
dismissed the claim because (1) Lumbermens’ policy did not provide coverage for 
additional insureds, and (2) Safety Lights’ reliance on the certificate of 
insurance was unreasonable as it explicitly did not alter coverage. See TIG 
Ins. Co. v. Sedgwick James of Washington, 184 F. Supp. 2d 591, 598, 604 
(S.D. Tex. 2001), aff’d, 276 F.3d 754 (5th Cir. 2002).
On December 
7, 2001 (almost precisely four years after Lumbermens denied coverage), Safety 
Lights filed this breach of contract suit against Via Net for failing to add it 
as an additional insured. The parties agree that the four-year statute of 
limitations applies. See Tex. 
Civ. Prac. & Rem. Code § 16.004(a)(3); Stine v. Stewart, 80 
S.W.3d 586, 592 (Tex. 2002). Via Net moved for summary judgment on the ground 
that more than four years had elapsed since the alleged breach of contract, and 
the trial court granted the motion.
The court of 
appeals reversed, finding the discovery rule could defer accrual until Safety 
Lights received Lumbermens’ denial on December 9th. See 178 S.W.3d 10 
(Tex. App.–Houston [1st Dist.] 2005). The court refused to consider whether the 
discovery rule might not apply, as that issue was raised not in the defendants’ 
motion for summary judgment (which was based on limitations generally) but in 
the plaintiffs’ response and the defendants’ subsequent reply. Id. 
at 16 n.6.
But a 
defendant’s motion for summary judgment based on limitations need not negate the 
discovery rule unless the plaintiff has pleaded it. See In re Estate of 
Matejek, 960 S.W.2d 650, 651 (Tex. 1997) (per curiam); Woods v. William 
Mercer, Inc., 769 S.W.2d 515, 517‑18 (Tex. 1988). Here, Safety Lights never 
did. Defendants are not required to guess what unpleaded claims might apply and 
negate them. See SmithKline Beecham Corp. v. Doe, 903 S.W.2d 347, 355 
(Tex. 1995) (“A defendant need not, however, show that the plaintiff cannot 
succeed on any theory conceivable in order to obtain summary judgment; he is 
only required to meet the plaintiff’s case as pleaded.”) (internal quotation 
omitted). 
When Safety 
Lights asserted the discovery rule for the first time in its summary judgment 
response, Via Net had two choices: it could object that the discovery rule had 
not been pleaded, or it could respond on the merits and try the issue by 
consent. See Roark v. Stallworth Oil and Gas, Inc., 813 S.W.2d 492, 495 
(Tex. 1991). By choosing the latter course, the discovery rule’s applicability 
was placed squarely before the trial and appellate courts. See Tex. R. Civ. P. 166a(c) (“Issues not 
expressly presented to the trial court by written motion, answer or 
other response shall not be considered on appeal as grounds for 
reversal.”) (emphasis added); see also Stiles v. Resolution Trust Corp., 
867 S.W.2d 24, 26 (Tex. 1993) (“[W]e hold that a summary judgment cannot be 
affirmed on grounds not expressly set out in the motion or response.”) 
(emphasis added). The court of appeals erred in holding otherwise.
Having 
determined that the issue was properly raised, we turn to whether the discovery 
rule applies to contract claims like the one asserted here. Normally a cause of 
action accrues when a wrongful act causes some legal injury. See S.V. v. 
R.V., 933 S.W.2d 1, 4 (Tex. 1996). But accrual may be deferred if “the 
nature of the injury incurred is inherently undiscoverable and the evidence of 
injury is objectively verifiable.” Computer Assocs. Int’l, Inc. v. Altai, 
Inc., 918 S.W.2d 453, 456 (Tex. 1996). The Legislature has adopted the 
discovery rule in some cases. See, e.g., Tex. Bus. & Com. Code §§ 17.565 
(deceptive trade practices), 24.010(b)(1) (fraudulent transfer claims by spouse, 
minor, or ward); Tex. Civ. Prac. & 
Rem. Code §§ 16.010(a) (misappropriation of trade secrets), 110.007(a) 
(burden on religious freedom), 143.001(b) (harmful access by computer), 
171.088(b) (vacating arbitration award); Tex. Rev. Civ. Stat. art. 581-33(H)(2) 
(untruth or omission in securities sales). But it has specifically rejected the 
discovery rule in others, including contract cases involving the sale of goods. 
See Tex. Bus. & Com. Code 
§ 2.725(b). While the Legislature’s silence on accrual in most cases 
leaves that question to the courts, we have restricted the discovery rule to 
exceptional cases to avoid defeating the purposes behind the limitations 
statutes. See S.V., 933 S.W.2d at 25 (noting that applications of the 
discovery rule “should be few and narrowly drawn”); Computer Assocs., 918 
S.W.2d at 456, 457 (noting that discovery rule is “a very limited exception to 
statutes of limitations” that applies “in certain limited circumstances”). Via 
Net does not contest that a failure to add a third party as an additional 
insured is objectively verifiable. But it does argue that such a failure is not 
inherently undiscoverable. “An injury is inherently undiscoverable if it is, by 
its nature, unlikely to be discovered within the prescribed limitations period 
despite due diligence.” Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 
732, 734-35 (Tex. 2001). This legal question is decided on a categorical rather 
than case-specific basis; the focus is on whether a type of injury rather 
than a particular injury was discoverable. Id. at 736; 
Apex Towing Co. v. Tolin, 41 S.W.3d 118, 122 (Tex. 2001).
“It is 
well‑settled law that a breach of contract claim accrues when the contract is 
breached.” Stine v. Stewart, 80 S.W.3d 586, 592 (Tex. 2002). We have 
twice refused to apply the discovery rule to defer accrual until a breach of 
contract is discovered. See Wagner & Brown, 58 S.W.3d at 737; HECI 
Exploration Co. v. Neel, 982 S.W.2d 881, 888 (Tex. 1998). In both cases, 
royalty owners argued the discovery rule should apply because due diligence did 
not require that they verify information or payments received from their 
lessees. We disagreed, holding that the duties the law imposes on lessees “do 
not dispense with the need for royalty owners to exercise due diligence in 
enforcing their contractual rights, express or implied, within the statutory 
limitations period.” HECI, 982 S.W.2d at 887; see also Wagner & 
Brown, 58 S.W.3d at 737. 
Contracting 
parties are generally not fiduciaries. See Schlumberger Tech. Corp. v. 
Swanson, 959 S.W.2d 171, 177 (Tex. 1997). Thus, due diligence requires that 
each protect its own interests. See Barfield v. Howard M. Smith Co. of 
Amarillo, 426 S.W.2d 834, 840 (Tex. 1968) (“As a party to arm’s length 
business transactions, respondent had a duty to use ordinary care for the 
protection of its own interests”). Due diligence may include asking a contract 
partner for information needed to verify contractual performance. See Wagner 
& Brown, 58 S.W.3d at 736; HECI, 982 S.W.2d at 886. If a 
contracting party responds to such a request with false information, accrual may 
be delayed for fraudulent concealment. Wagner & Brown, 58 S.W.3d at 
737; HECI, 982 S.W.2d at 886. But failing to even ask for such 
information is not due diligence. See Wagner & Brown, 58 S.W.3d at 
736; HECI, 982 S.W.2d at 886.
Safety Lights 
argues that it acted diligently by obtaining a certificate of insurance listing 
it as an additional insured. But the certificate warned that it conferred no 
rights and was limited by the underlying policy. Safety Lights argues, with some 
force, that there is little use for certificates of insurance if contracting 
parties must verify them by reviewing the full policy. But the purpose of such 
certificates is more general, “acknowledging that an insurance policy has been 
written, and setting forth in general terms what the policy covers.” Black’s Law Dictionary 240 (8th ed. 
2004). Given the numerous limitations and exclusions that often encumber such 
policies, those who take such certificates at face value do so at their own 
risk.
Moreover, in 
this case Safety Lights learned of the breach within a few months after it 
occurred. While the facts of this specific case do not govern the categorical 
inquiry, they are not atypical. Additional-insured status under a general 
liability policy generally provides coverage for personal injury and property 
damage claims, most of which must be brought within two years of injury. See 
Tex. Civ. Prac. & Rem. Code 
§ 16.003. Accordingly, unless no claims are filed for a long time, breach 
will generally be discovered within four years.
We do not 
hold today that the discovery rule can never apply to breach of contract claims. 
Our attempts to bring predictability and consistency to discovery rule 
jurisprudence have focused on types of injury, not causes of action. See, 
e.g., Pustejovsky v. Rapid‑American Corp., 35 S.W.3d 643, 653 (Tex. 2000); 
HECI, 982 S.W.2d at 886; Childs v. Haussecker, 974 S.W.2d 31, 38 
(Tex. 1998); Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 531 (Tex. 
1997). Some contract breaches may be inherently undiscoverable and objectively 
verifiable. But those cases should be rare, as diligent contracting parties 
should generally discover any breach during the relatively long four-year 
limitations period provided for such claims.
Accordingly, 
we hold that the discovery rule is inapplicable to defer accrual of the claim 
asserted here. We grant Via Net’s petition for review, and without hearing oral 
argument, we reverse the court of appeals’ judgment and render judgment that 
Safety Lights take nothing. See Tex. R. App. P. 59.1.
 
OPINION 
DELIVERED: December 22, 2006
 
 
 
 
 
 
 
 




[1] The coverage suits here and in federal court were 
brought by TIG Insurance Co., Safety Light’s insurer, in its own name and that 
of its insured; for ease of reference we refer to both as “Safety Lights.” For 
the same reason we refer to the defendants as “Via Net,” even though the 
petition for review here was filed by two of its affiliates and the style of the 
case lists a third.