# Third District Court of Appeal
## State of Florida

Opinion filed March 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1905
Lower Tribunal No. 19-17006
_____

**Daniel Guenni,**
Appellant,

vs.

**Advance Business Capital LLC, etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Ricardo E. Pines, P.A., and Ricardo E. Pines, for appellant.

Rennert Vogel Mandler & Rodriguez, P.A., and Thomas S. Ward; Ullman & Ullman, P.A., and Michael W. Ullman and Jared A. Ullman (Boca Raton), for appellee.


Before SCALES, MILLER and GORDO, JJ.

PER CURIAM.

Appellant Daniel Guenni challenges a September 20, 2021 final judgment rendered by the trial court after it conducted a bench trial. In the final judgment, the trial court determined, under Texas law, that appellee Advance Business Capital, LLC, d/b/a Triumph Business Capital ("Triumph") was a third-party beneficiary of a Guaranty agreement between Guenni and TBK Bank.  Pursuant to the Guaranty, Guenni agreed to guarantee payment obligations that his company, Vika Logistics, LLC, owed to TBK Bank and the Bank's "affiliates." The trial court ruled that, under Texas law, Triumph had standing to enforce the Guaranty against Guenni and thereby recover monies owed by Vika to Triumph. We agree with the trial court that Triumph is an "affiliate" of TBK Bank, that Guenni and TBK Bank intended to secure a benefit for Triumph in the Guaranty, and that Guenni had entered into the Guaranty directly for Triumph's benefit. First Bank v. Brumitt, 519 S.W. 3d 95, 102 (Tex. 2017) ("Specifically, a person seeking to establish third-party-beneficiary status must demonstrate that the contracting parties 'intended to secure a benefit to that third party' and 'entered into the contract directly for the third party's benefit.'" (quoting Stine v. Stewart, 80 S.W. 3d 586, 589 (Tex. 2002))).

Affirmed.

2