**Judd Found. v Kukje Gallery, Inc.**

2024 NY Slip Op 30834(U)

March 15, 2024

Supreme Court, New York County

Docket Number: Index No. 158505/2022

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. NANCY M. BANNON     PART     61M

_Justice_

-------------------------------------------------------------------------------X

JUDD FOUNDATION,

                       Plaintiff,

               - v -

KUKJE GALLERY, INC. S/H/A KUKJE GALLERY, TINA KIM
GALLERY, LLC S/H/A TINA KIM GALLERY,

                       Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158505/2022 |
| MOTION DATE | 3/3/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29

were read on this motion to/for                      DISMISSAL           .

### I.    INTRODUCTION

In this breach of contract action to recover for damage to an artwork pursuant to a consignment agreement, the defendants move to dismiss the complaint pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations. The plaintiff opposes the motion. The motion is granted.[1]

### II.    BACKGROUND

The following facts, taken as true for purposes of the present motion, are drawn from the complaint. On March 16, 2015, the plaintiff, Judd Foundation (the "Foundation"), entered into a consignment agreement with defendant Kukje Gallery, Inc. (the "Gallery"), pursuant to which the Foundation consigned a sculpture by the artist Donald Judd to the Gallery for sale at a price of $750,000, reflecting the sculpture's agreed-upon fair market value (the "Retail Value"). The sculpture was consigned to the Gallery for an indefinite term, "until recalled" by the Foundation. The agreement required the Gallery to "exercise all due care in maintaining and securing" the

---

[1] The defendants also move to dismiss the complaint as against defendant Tina Kim Gallery, LLC pursuant to CPLR 3211(a)(1) and/or (a)(7)—the specific subdivision is not clear from the moving papers—arguing that no claim for breach of contract may lie against this defendant due to a lack of contractual privity. Because the court grants the motion to dismiss the complaint in its entirety as time-barred, the court does not reach this secondary privity issue.

**158505/2022   JUDD FOUNDATION vs. KUKJE GALLERY, INC. S/H/A KUKJE GALLERY ET AL**     **Page 1 of 5**
  **Motion No.  001**

1 of 5

sculpture, and expressly held the Gallery responsible for any damage to the sculpture during the course of the consignment.  Specifically, the Gallery assumed responsibility for "any loss or damage not compensated by insurance," and agreed to "indemnif[y] the [Foundation] against any such uncompensated loss or damage, up to the amount of [the sculpture's] stated Retail Value." The agreement also required the Gallery to provide the Foundation a certificate of insurance naming the Foundation as an additional insured for any claim for damage to the sculpture, which certificate was duly delivered to the Foundation.

The agreement was twice extended, on October 23, 2015, for an indefinite term, "until recalled" by the Foundation, and again on April 26, 2017, for a one-year term terminating on April 26, 2018.  The 2015 extension increased the agreed-upon Retail Value to $800,000.  The 2017 extension further increased the Retail Value to $850,000.  The agreement and its two extensions (collectively, the "Consignment Agreements") provide that they shall be governed by Texas law.

A condition report dated July 1, 2017, prepared by a third party for defendant Tina Kim Gallery, LLC, the Gallery's New York affiliate, indicated the sculpture's condition was marred by "potential fingerprints" and "a small blemish."  Subsequent condition reports prepared for the Gallery, dated March 16, 2018 and June 29, 2018, likewise noted "potential fingerprints" and "blemishes" on the sculpture.

On May 9, 2018, the Foundation informed the Gallery that the consignment was terminated and the sculpture should be returned to the Foundation.  The sculpture was thereafter duly returned by the Gallery and received by the Foundation on July 25, 2018.  The defendants submit a shipping invoice showing that a Tara Horning signed for the delivery on behalf of the Foundation, agreeing that it was "received in good condition." In any event, at that time or some point thereafter, when the sculpture was uncrated and examined by a conservator, the Foundation discovered that it "had been disfigured by fingerprints."  On December 21, 2018, the Foundation formally alerted the Gallery that the sculpture had been returned "significantly damaged by fingerprints."  Having determined that the damage to the sculpture was irreversible, and that the sculpture was therefore unsaleable, the Foundation entered into extended negotiations with the defendants and their insurers to determine the appropriate amount of compensation.  Details of the ensuing 2 ½ years are thin. In May 2021, the Foundation entered into a settlement agreement

158505/2022   JUDD FOUNDATION vs. KUKJE GALLERY, INC. S/H/A KUKJE GALLERY ET AL          Page 2 of 5
    Motion No.  001

2 of 5

[* 2]

with the defendants' insurers pursuant to which the insurers paid the Foundation $680,000 in return for a release of all claims against the insurers with respect to the sculpture.

The Foundation thereafter demanded that the defendants reimburse it the $170,000 difference between what the insurers paid for the loss and the $850,000 Retail Value specified in the 2017 extension of the consignment agreement. The defendants did not, and have not, complied with this demand. Consequently, on October 4, 2022, the Foundation commenced this litigation by the filing of its summons and complaint. In the complaint, the Foundation asserted a single cause of action for breach of contract, alleging, *inter alia*, that the defendants "damaged the [sculpture]" while it was in their possession pursuant to the Consignment Agreements, and that the defendants "have failed to compensate [the Foundation] for the difference between the settlement amount paid by Defendants' insurance company and the full current Retail Value of the [sculpture], as required under the Consignment Agreements."

The defendants now move to dismiss pursuant to CPLR 3211(a)(5).


### III.    DISCUSSION

Under Texas law, a claim of breach of contract must be commenced within four years of the date that the cause of action accrues. See Tex. Civ. Prac. & Rem. Code §§ 16.004(a)(3), 16.051; Nghiem v Sajib, 567 SW3d 718, 722 n.20 (Tex. 2019); Stine v Stewart, 80 SW3d 586, 592 (Tex. 2002). Generally, "a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." Provident Life & Acc. Ins. Co. v Knott, 128 SW3d 211, 221 (Tex. 2003). A breach of contract claim, in particular, accrues "when the contract is breached." Stine v Stewart, supra. However, in certain limited circumstances, where a contract is continuing and long-term, with no firm restrictions placed on the time frame for performance, Texas courts have held that the statute of limitations begins to run "'only when the injured parted elected to treat the contract as terminated.'" Tucker v Bedgood, No. 13-16-00433-CV, 2016 WL 7011584, at *6 (Tex. App. Dec. 1, 2016), disapproved of on other grounds by Agar Corp., Inc. v Electro Cirs. Int'l, LLC, 580 SW3d 136 (Tex. 2019), quoting Pickett v Keene, 47 SW3d 67, 77 (Tex. App. 2001). Additionally, in limited circumstances, where "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable[,]" Texas courts apply a

"discovery rule," which "defers accrual of a claim until the injured party learned of, or in the exercise of reasonable diligence should have learned of, the wrongful act causing the injury." Cosgrove v Cade, 468 SW3d 32, 36 (Tex. 2015) (internal quotation marks omitted).

Here, the Foundation's complaint, filed on October 4, 2022, is untimely under any of the above standards. The Foundation seeks to recover for damage to the sculpture. The damage to the sculpture—*i.e.*, the "wrongful act caus[ing] a legal injury" [Provident Life & Acc. Ins. Co. v Knott, supra]—was first noted in the condition report dated July 1, 2017, more than four years before the complaint was filed. To be sure, the Foundation alleges that the defendants did not inform it of the damage noted in this or the two subsequent condition reports. But even if the court were to apply Texas's discovery rule, the accrual date for the Foundation's claim would only be deferred to July 25, 2018, the date that the sculpture was returned to the Foundation. At that point the Foundation, in the exercise of reasonable due diligence, should have learned of its injury, as it is undisputed that the damage to the sculpture was readily apparent upon inspection. See Cosgrove v Cade, supra. Alternatively, assuming, *arguendo*, that the Consignment Agreements may be deemed a "continuing contract," the Foundation's claim would still accrue no later than May 9, 2018, the date it informed the Gallery of its decision to terminate the agreement. See Tucker v Bedgood, supra; Pickett v Keene, supra.

The Foundation's argument that its claim did not accrue until May 2021, when it entered into a settlement agreement with the defendants' insurers, is unavailing. The Gallery agreed to be responsible for and "indemnif[y] the [Foundation] against any . . . loss or damage" not compensated by insurance. Contrary to the Foundation's contention, however, this does not mean that its claim did not accrue until the amount of compensation to be paid by insurance was definitively set and the defendants failed to pay the difference. At root, the Foundation's claim is inescapably premised on the damage to the sculpture, without which there would be no insurance payout to begin with. Indeed, the compensation from the insurers merely serves to reduce the sum recoverable from the Gallery for the underlying damage to the artwork. Stated differently, had there been no payment at all from the insurers, the Foundation would still have effectively the same breach of contract claim, just for the full amount of the Retail Value rather than the 20% of that amount not paid by the insurers. See United Healthcare v First St. Hosp., 570 SW3d

158505/2022   JUDD FOUNDATION vs. KUKJE GALLERY, INC. S/H/A KUKJE GALLERY ET AL          Page 4 of 5
Motion No.  001

[* 4]                                                                        4 of 5

323, 335 (Tex. App. 2018) ("[T]he accrual date is not dependent on whether all resulting damages have . . . occurred.") (internal quotation marks omitted).

Moreover, it is simply not true, as the Foundation asserts, that its claim did not mature, and was not justiciable, until after the insurance payout. As already noted, the Foundation's right to recover from the Gallery was expressly denominated an indemnity obligation in the Consignment Agreements, and this duty to indemnify was "properly justiciable by declaratory judgment" before May 2021. See Stewart Title Guar. Co. v Hadnot, 101 SW3d 642, 647 (Tex. App. 2003) (holding that limitations period on breach of contract claim began to run when defendant insurer denied insurance claim rather than being tolled until after judgment was rendered in an underlying lawsuit). Nor is there any provision in the Consignment Agreements that bars suit prior to payment by the insurance company. Thus, the Foundation could have preserved its claim by simply seeking a declaratory judgment as to its right to indemnity under the contract.

## IV.    CONCLUSION

Accordingly, upon the foregoing papers and after oral argument, it is

ORDERED that the motion of defendants Kukje Gallery, Inc. s/h/a Kukje Gallery and Tina Kim Gallery, LLC s/h/a Tina Kim Gallery to dismiss the complaint pursuant to CPLR 3211(a)(5) is granted, and the complaint is dismissed; and it is further

ORDERED that the Clerk shall enter judgment accordingly.

This constitutes the Decision and Order of the court.

20240315141141NBANNON13C105DAEDC244B79D8EC36E6D040602

**3/15/2024**
**DATE**

**NANCY M. BANNON, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

158505/2022   JUDD FOUNDATION vs. KUKJE GALLERY, INC. S/H/A KUKJE GALLERY ET AL          Page 5 of 5
Motion No.  001

5 of 5