

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00128-CV

---

COOK CHILDREN'S HEALTH                                    APPELLANTS
CARE SYSTEM AND S.W. AND
J.W., INDIVIDUALLY AND ON
BEHALF OF THEIR MINOR CHILD
J.W.

V.

NOCONA GENERAL HOSPITAL                                    APPELLEE

----------

### FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
### TRIAL COURT NO. 2016-0481M-CV

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In this interlocutory appeal, Appellants Cook Children's Health Care

System (Cook Children's) and S.W. and J.W.,[2] individually and on behalf of their

---

[1]*See* Tex. R. App. P. 47.4.

minor child J.W., challenge the trial court's order granting Appellee Nocona General Hospital's (Hospital) plea to the jurisdiction.[3]  Appellants assert that Texas Local Government Code section 271.152 waives the Hospital's immunity from Appellants' suit.  The dispositive issue we address in this appeal is whether the Nocona General Hospital Health Benefit Plan (the Plan) meets the statutory definition of a "contract subject to this subchapter" as required to trigger a waiver of immunity under section 271.152.[4]  *See* Tex. Loc. Gov't Code Ann. § 271.152 (West 2016); *see also id.* § 271.151(2) (West 2016) (setting forth definition of "contract subject to this subchapter").  Because we hold that the Plan does meet the requisite statutory definition of a "contract subject to this subchapter" and that section 271.152 waives the Hospital's immunity from Appellants' suit, we will reverse the trial court's order granting the Hospital's plea to the jurisdiction concerning Appellants' breach-of-contract claim and remand that claim to the trial court.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

S.W. was an employee of the Hospital.  Employees of the Hospital could elect to pay premiums to participate in the Plan.  S.W. elected to, and did, pay

---

[2]Hereinafter, our references to J.W. refer to S.W.'s and J.W.'s minor son.

[3]*See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2017) (authorizing interlocutory appeal from grant of plea to the jurisdiction by governmental unit).

[4]The parties conceded and agreed on this issue during oral argument.

premiums to participate in the Plan. S.W.'s minor son J.W. was a "covered person" as defined by the Plan. The Plan was signed by the CEO of the Hospital, Lance Meekins, and is contained in the record before us.

The Hospital is the administrator of the Plan, but the Hospital hired a third-party administrator, Group Resources, to serve as the administrative-service agent and as the claims-paying agent. The Hospital's contract with Group Resources also was signed by Meekins as CEO of the Hospital and is contained in the record before us. The Hospital purchased excess-loss, reimbursement insurance from Fidelity Security Life Insurance Company (FSL) for benefits to be paid under the Plan in excess of $50,000. The Hospital's contract with FSL was signed by Meekins as CEO of the Hospital and is contained in the record before us.

J.W. sustained very serious injuries in an all-terrain vehicle (ATV) accident. He was taken to the Hospital and subsequently transported by air ambulance to Cook Children's. Cook Children's provided medical services to J.W. and submitted a claim for payment to the Plan as assignee of the rights of J.W. Group Resources denied the claim submitted by Cook Children's under the "illegal activity exclusion" of the Plan.[5] Appellants filed this suit against the Hospital, FSL, and Group Resources alleging breach-of-contract claims—and

---

[5]A letter from Group Resources to S.W. stated that the illegal-activity exclusion of the Plan applied because J.W. was not properly supervised while riding the ATV and had not been wearing a helmet or goggles, all of which were required by law.

3

other claims—and seeking to recover benefits allegedly owed to them under the Plan.

The Hospital filed a plea to the jurisdiction asserting that it possessed governmental immunity from Appellants' breach-of-contract claim because there "is no waiver of immunity for breach of contract under Tex. Loc. Gov't Code Ch. 271." Appellants filed a response. The trial court conducted a hearing and signed an order granting the Hospital's plea to the jurisdiction on Appellants' breach-of-contract claim because the Plan "is not a contract for which immunity is waived under Tex. Loc. Gov't Code Ch. 271." Appellants then perfected this interlocutory appeal.

### III. THE TRIAL COURT ERRED BY GRANTING THE HOSPITAL'S PLEA TO THE JURISDICTION

In their first issue, Appellants argue that they pleaded and proved the requisites necessary to establish a waiver of the Hospital's immunity under Texas Local Government Code section 271.152 and that, accordingly, the trial court erred by granting the Hospital's plea to the jurisdiction.

### A. Standard of Review

Governmental immunity has two components: immunity from liability and immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). A governmental entity that enters into a contract waives its immunity from liability but retains its immunity from suit unless its immunity from suit is specifically waived by the legislature. *Id.* Governmental immunity from suit deprives the trial

4

court of subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004).

Whether a court has subject-matter jurisdiction is a question of law, and we review the trial court's grant or denial of a plea to the jurisdiction de novo. *Id.* When reviewing a grant or denial of a plea to the jurisdiction, we consider the plaintiff's pleadings and any evidence relevant to jurisdiction without weighing the merits of the claim. *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *see also Miranda*, 133 S.W.3d at 228.

A plea to the jurisdiction may challenge either the pleadings or the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226–27. When a plea to the jurisdiction challenges a plaintiff's pleadings, we consider whether the pleader has alleged sufficient facts to demonstrate the court's subject-matter jurisdiction over the suit, construing the pleadings liberally in favor of the plaintiff and looking to the pleader's intent. *Id.*; *see City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues that have been raised. *Miranda*, 133 S.W.3d at 227. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

5

### B. Appellants' Pleadings and Jurisdictional Evidence

Appellants' third amended original petition set forth the facts forming the basis of their claims. In addition to pleading the facts set forth above, the petition alleged the following:

> 11. . . . JW was a "covered person" as defined by the Nocona General Hospital Employee Benefit Plan **(Exh A, page 20)**; and the Fidelity Security Policy. **(Exh C, page 4)** JW, SW[,] and their minor son were at least, third party beneficiaries of the Fidelity Security policy. Cook is an assignee of the rights of JW. **(Exh D)**
>
> . . . .
>
> 19. . . . The Nocona General Hospital is a local governmental entity with limited boundaries. The enabling law gives express permission for the Nocona General Hospital to be sued[.] *(Tex. Special District Local Laws Code 1081.001, et seq.)*

The petition then pleads a breach-of-contract claim against the Hospital as follows:

> **b.**     **Breach of Contract.**
>
> 34.     Plaintiffs will show that defendants' conduct constitutes a breach of contract, specifically the Nocona General Hospital Employee Benefit Plan and the FSL insurance policy. The insured/depend[e]nt, JW, who received the necessary care and treatment was covered under the Plan[,] and defendants agreed and promised to timely pay benefits for the medical treatment Plaintiff provided to JW. However, defendants failed to pay the benefits not only timely but at all, thereby breaching the contracts set out in **Exhibits A and C.** Defendants' breach is a direct, proximate, and producing cause of economic damages to Plaintiffs in the amount of at least $750,000.00, together with statutory interest and penalties as prescribed by law.
>
> 35.     Plaintiffs, SW and JW[,] provided payments and services pursuant to a signed agreement with Nocona General Hospital and Nocona General Hospital Employee Benefit Plan. Nocona General

6

Hospital and Nocona General Hospital Employee Benefit Plan agreed to provide employee benefits pursuant to the signed contract. The contract has provisions for appeal of disrupted claims. It gives permission to sue and collect if benefits are not paid. Plaintiffs complied with all conditions precedent.

36. The enabling statu[t]e for these defendants gives express permission for the Nocona General Hospital to be sued. *(Tex. Special District Local Laws Code 1081.001, et seq.)*

37. Plaintiffs will show that all conditions precedent have been fully performed by Plaintiffs for recovery of these medical expenses under said contracts and defendants have waived any entitlement to a contractual discount for the services provided to its patient JW for defendants' unilateral breach of the covenants and conditions therein.

38. Plaintiffs will show that all medical treatment rendered to patient JW was reasonable and necessary for the care and treatment and the charges for said care and treatment were reasonable charges in the areas those services were rendered. Plaintiffs sue defendants for their unilateral breach of the Plan/Agreement and the remainder of the usual and customary charges in the amount of at least $750,000.00, together with statutory interest and penalties as prescribed by law.

39. Nocona General Hospital and Nocona General Hospital Employee Benefits Plan were performing a proprietary function in serving as a conduit for health insurance benefits. The provision of health insurance benefits was not a governmental function. Nocona General Hospital and Nocona General Hospital Employee Benefit Plan received services and premium payments for the insurance benefits and forwarded those payments to Group Resources, FSL[,] and the agents of Group Resources and FSL.

Appellants attached the following documents to their third amended original petition:

A. Plan document of Nocona General Hospital Employee Benefit Plan. [The "Plan" executed by the Hospital and distributed to the Hospital's employees.]

7

[No exhibit B listed.]

C.      Fidelity Security Life Insurance Company Policy. [The excess-loss, reimbursement contract executed by the Hospital with Fidelity "in consideration of [the Hospital's] Application and the payment of premiums."]

D.      Assignment of Benefits to Cook Children[']s[.]

E.      The claim file provided by Group Resources, Inc.

F.      Group Resources['] Denial Letter.

G.      Notice letter from Rickey J. Brantley to Defendants requesting status of appeal.

H.      Group Resources['] responses to requests for information on appeal.

I.      Nocona Entities' Response to Request for Admissions.

Appellants attached some of these same documents to their response to the Hospital's plea to the jurisdiction, along with excerpts from Meekins's deposition and relevant provisions of the Texas Local Government Code and the enabling legislation regarding the Hospital.

## C. The Law Concerning Waiver of Immunity Under Section 271.152

Local government code section 271.152 creates a waiver of governmental immunity from suit for certain breach-of-contract claims brought against qualifying local governmental entities:

A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of contract, subject to the terms and conditions of this subchapter.

8

Tex. Loc. Gov't Code Ann. § 271.152; *see La Joya Indep. Sch. Dist. v. Villarreal*, No. 13-13-00325-CV, 2014 WL 3050484, at *3 (Tex. App.—Corpus Christi July 3, 2014, pet. denied) (mem. op.).

Section 271.152's waiver of immunity from suit applies to a breach-of-contract claim when the following three elements are established: (1) the party against whom the waiver is asserted must be a "local governmental entity" as defined by section 271.151(3); (2) the entity must be authorized by statute or the constitution to enter into contracts; and (3) the entity must in fact have entered into a "contract subject to this subchapter," as that phrase is defined by local government code section 271.151(2). *See* Tex. Loc. Gov't Code Ann. § 271.152; *Zachry Constr. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 109–10 (Tex. 2014); *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011); *City of Denton v. Rushing*, 521 S.W.3d 88, 92–93 (Tex. App.—Fort Worth 2017, pet. filed). In order for a contract to meet the statutory definition of a "contract subject to this subchapter," as that term is defined in local government code section 271.151(2), the contract must (1) be in writing, (2) state the essential terms of the agreement, (3) provide for goods or services (4) to the local governmental entity, and (5) be executed on behalf of the local governmental entity. *See* Tex. Loc. Gov't Code Ann. § 271.151(2)(A) (defining "[c]ontract subject to this subchapter"); *Williams*, 353 S.W.3d at 134–35. Section 251.152's statutory waiver of immunity from suit is not dependent on the outcome of the breach-of-contract suit, though it does require a showing of a substantial

9

claim that meets the statutory requisites necessary to trigger the waiver. *Zachry Constr. Corp.*, 449 S.W.3d at 109–10. A substantial claim is shown when the claimant pleads facts with some evidentiary support that constitute a claim for which immunity is waived. *Id.*

## D. Analysis

In their first issue, Appellants identify and discuss how their pleadings and jurisdictional evidence support each of the elements necessary to trigger section 271.152's waiver of immunity and each of the statutory requisites necessary to show that the Plan is a "contract subject to this subchapter." Although Appellants briefed each of the statutory requisites necessary to trigger section 271.152's waiver of immunity, the Hospital agreed in its brief and during oral argument that the parties' disagreement on appeal is limited to whether the Plan meets the statutory definition of a "contract subject to this subchapter." Thus, we focus the analysis of our opinion on the Hospital's three contentions that it does not. But first, we make it clear, however, that in conducting our de novo review of the trial court's ruling on the Hospital's plea to the jurisdiction, we have reviewed the record before us and have ascertained that Appellants pleaded facts and provided some evidentiary support (in documents attached to their third amended original petition and response to the Hospital's plea to the jurisdiction) showing each requisite—even those not disputed by the Hospital on appeal—necessary to trigger application of section 271.152's waiver of immunity.

Concerning the first, second, and a portion of the third elements necessary to trigger application of section 271.152's waiver of immunity, the parties agree and—after reviewing the record before us, including the executed copy of the Plan and Meekins's deposition testimony—we also agree, that the Hospital is a local governmental entity that is authorized by statute or the constitution to enter into a contract and that the Plan constitutes a written contract entered into by the Hospital and executed on the Hospital's behalf by its CEO. *See* Tex. Loc. Gov't Code Ann. §§ 271.151(3)(C), 271.152; *Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009) (stating that "[h]ospital districts have such [governmental] immunity"); *see also* Tex. Spec. Dist. Code Ann. §§ 1081.001–.307 (West Supp. 2017) (addressing Nocona General Hospital District), § 1081.115 (West Supp. 2017) (providing that Nocona General Hospital District may sue and be sued). To the extent the Hospital argues in its brief that the Hospital District's enabling legislation does not waive immunity from suit, we agree. *See, e.g.*, *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions*, 212 S.W.3d 320, 324 (Tex. 2006) (explaining that "[b]y entering into a contract the State waives its immunity from liability but not its immunity from suit. . . . Thus, . . . immunity from suit bars a remedy until the [l]egislature consents to suit"). It is section 271.152 that Appellants contend, and that we ultimately hold, waives the Hospital's immunity from suit in this case, not the Hospital District's enabling legislation.

11

We also note that the breach-of-contract damages alleged by Appellants against the Hospital—at least $750,000 in economic damages for medical expenses covered by the Plan that were incurred by J.W. as a result of the ATV accident—constitute a claim for damages that is within the scope of section 271.153's limitation on damages recoverable against a local governmental unit for breach of contract when immunity is waived by section 271.152. *See, e.g.*, *Zachry Constr. Corp.*, 449 S.W.3d at 108 (reconciling alleged conflict between *Kirby Lake* and *Tooke* by clarifying that section 271.152's "subject to" language limits the amount owed by a local governmental entity on a contract once its liability for breach of contract has been established so long as the claimant seeks damages recoverable under section 271.153 and citing *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 840 (Tex. 2010), and *Tooke*, 197 S.W.3d at 346).

Because Appellants have met their burden with respect to the first, second, and a portion of the third discussed elements of a substantial breach-of-contract claim—that the Hospital is a local governmental entity that is authorized by statute or the constitution to enter into a contract, that the Plan is a written contract, that the Plan was executed on behalf of the Hospital by its CEO, and that Appellants have pleaded breach-of-contract damages against the Hospital that fall within the limitation on damages available under section 271.153—and because the Hospital agrees that the dispute on appeal centers on whether the Plan meets the statutory definition of a "contract subject to this subchapter," we

12

do not discuss these other requisites further. *See Zachry Constr. Corp.*, 449 S.W.3d at 109–10 (explaining that when the claimant pleads facts with some evidentiary support that constitute a claim for which immunity is waived, the claimant has shown a substantial claim); *McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 464 (Tex. App.—Dallas 2009, pet. denied) (holding plaintiffs met their burden with respect to establishing requisites of a section 271.152 waiver of immunity for a governmental entity in a breach-of-contract suit).

Turning to the Hospital's contentions on appeal, in a total of four pages of argument in their brief, the Hospital argues that Appellants failed to establish that the Plan is a "contract subject to this subchapter" under section 271.151's definition of that term. The Hospital argues that the Plan does not qualify as a "contract subject to this subchapter" for three reasons: because it is not an agreement *by Appellants* (S.W. and J.W., individually and on behalf of J.W., and Cook Children's), because it is not an *agreement to provide services* to the Hospital, and because it *contains no essential terms*.[6] Finally, the Hospital argues that the case of *United Healthcare Choice Plus Plan for City of Austin Employees v. Lesniak*, No. 03-15-00309-CV, 2015 WL 7951630 (Tex. App.—

---

[6]The Hospital does not segregate these contentions but argues them jointly in its brief. Although we address these arguments individually, the analysis of them is somewhat overlapping, and our disposition of each contention must be viewed in light of our entire opinion.

13

Austin Dec. 1, 2015, pet. denied) (mem. op.), controls the outcome here. We address the Hospital's contentions.

### 1. The Hospital's Contention that the Plan is not an Agreement *by Appellants*

The Hospital argues that the Plan does not meet the statutory definition of a "contract subject to this subchapter" because it is not an agreement *by Appellants* (S.W. and J.W., individually and on behalf of J.W., and Cook Children's) to provide services to the Hospital. The first part of the Hospital's contention—that the Plan is not a "contract subject to this subchapter" because it is not an agreement by Appellants—although not so phrased by the Hospital, is a challenge to Appellants' standing. That is, the Hospital contends that only a party, i.e., a signatory, to a contract with the Hospital, possesses standing to sue under section 271.152's waiver of immunity.

The Texas Supreme Court has rejected the Hospital's argument. *See Williams*, 353 S.W.3d 145–46. In *Williams*, the Texas Supreme Court held that section 271.152's waiver of immunity applied to breach-of-contract suits filed by third-party beneficiaries of a "contract subject to this subchapter." *Id.* at 145–46. The supreme court in *Williams* further held that firefighters—as third-party beneficiaries of a Meet and Confer Agreement (MCA) executed between the Houston Professional Fire Fighters Association and the City of Houston—had standing to sue the City for the City's alleged breach of the MCA. *Id.* Courts of appeals across Texas have held likewise—third-party beneficiaries of contracts

14

meeting the statutory definition of a "contract subject to this subchapter" as set forth in section 271.151(2) possess standing to sue a local governmental entity whose immunity from suit is waived by section 271.152. *See, e.g.*, *La Joya Indep. Sch. Dist.*, 2014 WL 3050484, at *5–6 (recognizing that breach-of-contract claim of third-party beneficiary falls within section 271.152's waiver of immunity when other requisites necessary to trigger waiver are met); *S. Coast Spine & Rehab. P.A. v. Brownsville Indep. Sch. Dist.*, No. 13-11-00270-CV, 2014 WL 1789546, at *5 (Tex. App.—Corpus Christi Apr. 30, 2014, no pet.) (holding that "BISD waived its immunity from suit by entering into the benefits plan" and that "South Coast has a right to sue [BISD] as an assignee that was intended under the employee benefits plan"); *Galveston Indep. Sch. Dist. v. Clear Lake Rehab. Hosp., LLC*, 324 S.W.3d 802, 807 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding that "when a governmental entity and a contracting party enter into a contract [to provide insurance] . . . and denominate a third-party beneficiary of that contract, the third-party beneficiary's claim for breach of contract falls within the waiver of immunity authorized under section 271.152").

We next address whether S.W.—individually and as next friend of her minor son J.W. and a "covered person" under the Plan[7]—is "at least" a third-party beneficiary of the Plan. The law is well-settled that third parties have standing to

[7]The Plan defines "Dependent" as including, in part, an employee's spouse and an employee's child who is less than twenty-six years of age. "Covered Person" is defined as meaning the employee or a Dependent for whom coverage is provided by the Plan.

15

recover under a contract that is clearly intended for their direct benefit. *First Bank v. Brumitt*, 519 S.W.3d 95, 103 (Tex. 2017); *Williams*, 353 S.W.3d at 145; *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002). When deciding whether the parties to an unambiguous contract intended to create a third-party beneficiary, courts must look solely to the contract's language. *Brumitt*, 519 S.W.3d at 107; *see Stine*, 80 S.W.3d at 590 (explaining that to determine whether a contract is intended for the direct benefit of a third party, we look to the entire agreement, giving effect to all its provisions).

The agreement, however, need not have been executed *solely* to benefit the noncontracting party in order to confer third-party-beneficiary status. *Stine*, 80 S.W.3d at 591. Instead, the contract must only include "a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party," and any implied intent to create a third-party beneficiary is insufficient. *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011); *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651–52 (Tex. 1999). Nonetheless, to clearly express the contracting parties' intent to directly benefit a third party, the agreement need not utilize particular phraseology, such as "third-party beneficiary" or similar magic words. *See Stine*, 80 S.W.3d at 590–91. A contract that benefits a third party only incidentally, however, rather than being clearly intended for the direct benefit of the third party, is not enforceable by the incidental beneficiary. *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 412 (Tex. 2011); *MCI*, 995 S.W.2d at 651–52.

16

Appellants point out that the Hospital admitted that S.W. and her son J.W., as "covered person[s]," were intended third-party beneficiaries of the Plan. In response to requests for admission, the Hospital made the following admissions:

> Nocona admits that it established and maintains the Nocona General Hospital Employee Health Benefit Plan for the benefit of its employees. Nocona admits that it could not have this plan but for re-insurance as set forth in the attached contract. Nocona also admits that employees benefitted from the attached contract by participating in the Plan.

Appellants also point out that the Plan provides[8]

> reimbursement for covered charges incurred as a result of Medically Necessary treatment for Illness or Injury of the Company's eligible Employees and their eligible Dependents.
>
> . . . .
>
> **TO ALL EMPLOYEES:**
>
> We are all aware of the financial disaster that a family may experience as a result of a serious or prolonged Illness or Accident. The medical benefits available under the Nocona General Hospital Employee Health Benefit Plan (the Plan) and described in this Plan document and summary plan description (SPD) are designed to provide some protection for you and your family against such disaster.
>
> . . . .

---

[8]Neither party claims the Plan is ambiguous; we agree that it is not. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) (stating that when contracts are so worded that they can be given a certain or definite legal meaning or interpretation, then they are not ambiguous, and the court will construe them as a matter of law); *see also Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex. 2000) (stating that court will enforce an unambiguous contract "as written").

17

. . . We are pleased to offer the benefits under this Plan for you and your covered family members as an expression of our appreciation for your efforts on behalf of our Company.

. . . .

**REQUIRED EMPLOYEE CONTRIBUTIONS:**

Employees do contribute toward the cost of Employee and Dependent Coverage.

The amount that Employees contribute is calculated by the Plan Administrator and is a portion of the cost of coverage under the Plan.

Appellants' third amended original petition, as set forth and quoted above, pleaded that S.W. and her minor son J.W. were "at least" third-party beneficiaries of the Plan. The Hospital's CEO testified that the Hospital took money out of employees' paychecks to fund the Plan, that the Plan was a benefit it provided to employees, that the Plan was implemented in part to assist the Hospital in recruiting employees, that premiums for participation in the Plan were deducted by the Hospital from employees' paychecks, that S.W. participated in the Plan, that J.W. was a covered person under the Plan, and that S.W. had paid all of her premiums under the Plan via a paycheck deduction.

Appellants' jurisdictional evidence, including the Hospital's own admissions and the express language of the Plan, established that S.W. and J.W. as "covered person[s]" are "at least" intended third-party beneficiaries of the Plan. Indeed, if the Hospital did not enter into the Plan with the intent to directly benefit Plan participants like S.W. and J.W., then the Plan had no purpose whatever.

18

*See Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc.*, 348 S.W.3d 894, 900–01 (Tex. 2011) (holding ART and TCI were third-party beneficiaries and noting that if "[i]f Dynex and Basic did not intend the Commitment to benefit ART and TCI directly, then the Commitment had no purpose whatever").

To the extent the Hospital's contention that the Plan is not a "contract subject to this subchapter" because it is not an agreement "by Appellants" includes the contention that the Plan is not an agreement by Cook Children's as an Appellant, we next address this contention. Appellants pleaded, and the Hospital does not dispute, that Cook Children's is the assignee of J.W.'s benefits. In fact, the assignment to Cook Children's is attached to Appellants' third amended original petition as exhibit D. We take this pleaded fact, supported by Appellants' jurisdictional evidence, as true. *See Miranda*, 133 S.W.3d at 228. Section 271.152 waives sovereign immunity for suits brought by assignees of those entitled to enforce a contract with a local governmental entity under subchapter I. *See First-Citizens Bank & Tr. Co. v. Greater Austin Area Telecomms. Network*, 318 S.W.3d 560, 568–69 (Tex. App.—Austin 2010, no pet.). Therefore, we reject the contention that Cook Children's—as the assignee of the benefits owed to S.W.'s son J.W.—lacks standing to bring a breach-of-contract suit against the Hospital under the waiver of immunity set forth in section 271.152.

Having determined that S.W., individually and as next friend of J.W., and Cook Children's possess standing to assert a breach-of-contract claim against

19

the Hospital under the statutory waiver of immunity set forth in section 271.152, we reject the Hospital's contention that the Plan is not a "contract subject to this subchapter" because it is not an agreement *by Appellants*. Appellants pleaded and presented jurisdictional evidence establishing their standing to bring suit to enforce the Plan although they were not signatories to it.

### 2. The Hospital's Contention that the Plan Is Not an *Agreement for Appellants to Provide Services to the Hospital*

The Hospital also contends that the Plan does not meet the statutory definition of a "contract subject to this subchapter" because it is not an *agreement to provide services to the Hospital*; that is, the Hospital contends that "the Plan contains no provisions or language whatsoever where [Appellants] agree to provide any goods or services of any kind to the Hospital." And the Hospital asserted in its brief and at oral argument that because "the Plan in this case contains no agreements to provide employment or other services *to the Hospital* and does not identify any performance that covered persons must complete to be entitled to benefits," section 271.152's waiver of immunity does not apply.[9] The plain language of the statute, however, as well as the construction of it by Texas courts, is contrary to the Hospital's position.

---

[9]During oral argument, counsel for the Hospital argued that the Plan did not constitute a contract under chapter 271 because "it doesn't contain the essential term of an agreement by the claimant for the claimant to provide services to the governmental entity." The Hospital's counsel agreed that if the job duties of each of the 100 to 200 employees of the Hospital constituting the services provided by each of them to the Hospital were described in the Plan, it "might very well be a contract under 271."

20

The statute provides that immunity is waived for a breach-of-contract claim when a local governmental entity that is authorized by statute or the constitution to enter into a contract in fact does enter into a "contract subject to this subchapter." Tex. Loc. Govt. Code Ann. § 271.152. And a "contract subject to this subchapter" is "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151. Juxtaposing the plain language of these two statutory provisions, no requirement exists—as asserted by the Hospital—that the "claimant" in the breach-of-contract suit be the person or the entity providing services to the governmental entity in order for a contract to meet the definition of a "contract subject to this subchapter." To the contrary, as set forth above, courts recognize that section 271.152 waives a governmental entity's immunity from suit when a breach-of-contract claim is brought by a third-party beneficiary or an assignee of a "contract subject to this subchapter." *See, e.g.*, *Basic Capital Mgmt., Inc.*, 348 S.W.3d at 900–01; *First-Citizens Bank & Tr. Co.*, 318 S.W.3d at 568–69.

And, likewise, juxtaposing the plain language of sections 271.151 and 271.152, no requirement exists—as asserted by the Hospital—that in order to qualify as a "contract subject to this subchapter," a contract actually be the service contract; instead, to be a "contract subject to this subchapter," a contract must include essential terms of a service provided to the governmental entity, even if that service is not the primary purpose of the contract. *See Lubbock Cty.*

21

*Water Control & Improvement Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 302 (Tex. 2014) ("We also agree with Church & Akin that the agreement to provide services to the governmental entity 'need not be the primary purpose of the agreement.'"); *Kirby Lake Dev., Ltd.*, 320 S.W.3d at 839 (affirming court of appeals's rejection of governmental entity's argument that agreement did not constitute provision of services to entity); *see also Byrdson Servs., LLC v. S. E. Tex. Reg'l Planning Comm'n*, 516 S.W.3d 483, 485 (Tex. 2016) (reversing court of appeals's decision that chapter 271 did not apply because Planning Commission's contracts with Byrdson did not state essential terms "for providing goods or services to the local governmental entity"); *Ben Bolt-Palito,* 212 S.W.3d at 327 (explaining that "the statute's legislative history indicates that, by enacting section 271.152, the [l]egislature intended to loosen the immunity bar so 'that all local governmental entities that have been given or are given the statutory authority to enter into contracts shall not be immune from suits arising from those contracts.'" (quoting House Comm. on Civ. Practices, Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005))).

But, nonetheless, even if the Hospital is correct that to qualify as a "contract subject to this subchapter" the Plan must state the essential terms of an agreement for S.W. to provide services to the Hospital, the Plan does contain those essential terms. The Plan is seventy-four pages long. As set forth above, the Plan states that the Hospital is "pleased to offer the benefits under this Plan for you and your covered family members as an expression of our appreciation

22

for your efforts on behalf of our Company" and is "for the benefit of eligible Employees and their eligible Dependents."  An Employee is any person employed on a regular basis by the "Company" in the conduct of the "Company's" regular business who is regularly scheduled to work at least thirty-two hours per week and who is classified as a common-law Employee. Employees are required to contribute toward the cost of Employee and Dependent coverage.  Such required contributions are subtracted from the Employee's gross pay each pay period.  The Plan provides that it "is administered by the Plan Administrator [which is the Hospital], with Group Resources, an Administrative Service Agent, acting as [a] Claims Paying agent." Administrative Service Agent is defined as "the firm providing administrative services to the Plan Administrator [the Hospital] in connection with the operation of the Plan, such as maintaining current eligibility data, billing, processing and payment of Claims[,] and providing the Plan Administrator with any other information deemed necessary.  Group Resources is the Administrative Services Agent for the Plan."

Thus, contrary to the Hospital's assertion, the Plan does contain the essential terms of services to be provided to the Hospital by Employees.  The essential terms of the services to be provided by its Employees include being regularly scheduled to work at least thirty-two hours per week, and in exchange for performing the service of at least thirty-two hours per week of work or "efforts on behalf of the [Hospital]" and for consideration in the form of payment of

23

premiums deducted from their paychecks, Employees may contract with the Hospital as the Plan Administrator for health-insurance benefits as specifically set forth under the detailed terms of the Plan. Although these services by the Employee are not the primary purpose of the Plan, the Plan does set forth the essential terms for Employees providing services to the Hospital—a regular work schedule of at least thirty-two hours per week, employment on the effective date of the Plan or after a ninety-day waiting period, and continued employment along with premium payments.

We reject the Hospital's contention that the Plan is not a "contract subject to this subchapter" based on the alleged deficiency of failing to state the essential terms of the agreement for providing services to the local governmental entity. Appellants pleaded and presented jurisdictional evidence that the Plan does state essential terms of an agreement for Employees like S.W. to provide services to the Hospital.

## 3. The Hospital's Contention that the Plan *Contains No Essential Terms*

Finally, the Hospital argues that the Plan does not meet the statutory definition of a "contract subject to this subchapter" because it "clearly contains no essential terms." Any written, authorized contract that states the essential terms of an agreement for providing services to the governmental entity triggers the waiver of immunity under chapter 271. *Lubbock Cty. Water Control & Improvement Dist.*, 442 S.W.3d at 302. There is no statutory definition for "essential terms," but the Supreme Court of Texas has characterized "essential

24

terms" as, among other things, "the time of performance, the price to be paid, and the service to be rendered." *Williams*, 353 S.W.3d at 138–39 (internal quotation omitted); *see also Kirby Lake Dev., Ltd.*, 320 S.W.3d at 838 (stating that a written contract states the essential terms when it outlines the names of the parties, the property at issue, and the parties' "basic obligations"). Courts consider each contract separately on a case-by-case basis to determine its essential terms. *See T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). The Plan sets forth the essential terms of an employee's eligibility to participate in the Plan (as discussed above) and the Hospital's obligations when it accepts an employee's premiums by deducting monies from an employee's paycheck. Thus, the Plan addresses the essential terms of time of performance, price to be paid, and service to be rendered.

Having determined that the Plan sets forth the essential terms for the Hospital's provision and administration of the Plan, S.W.'s payment for the Plan via payroll deductions, and the services to be rendered under the Plan, we reject the Hospital's contention that the Plan is not a "contract subject to this subchapter" because it "clearly contains no essential terms." Appellants pleaded and presented jurisdictional evidence that the Plan does contain its essential terms.

### 4. The Hospital's Reliance on *Lesniak*

The primary case relied upon by the Hospital in its brief and during oral argument is *United Healthcare Choice Plus Plan for City of Austin Employees v.*

*Lesniak*, 2015 WL 7951630, at *1–3. In *Lesniak*, the City established a self-funded insurance plan to provide medical benefits to its eligible employees and contracted with United HealthCare Services, Inc. to administer the plan. *Id.* at *1. Lesniak and his daughter were covered under the plan, and Lesniak paid premiums to the plan for this coverage. *Id.* Lesniak sued the City and the Plan for breach of contract, alleging that they had wrongfully denied benefits for a portion of his daughter's treatment at an inpatient facility. *Id.* The City and the Plan filed a joint plea to the jurisdiction, which the trial court denied.

On appeal, the Austin Court of Appeals addressed the City and Plan's contention that chapter 271 did not apply "because Lesniak does not provide any services to the City directly pursuant to the Plan." *Id.* at *2. Because the Plan Documents submitted by the City and the Plan in support of their plea to the jurisdiction could not be construed as containing an agreement by Lesniak to provide employment or other services to the City or identify any performance that covered persons must complete to be entitled to benefits, because "the record contains no other contracts stating the essential terms of any services to be provided by any party, and [because] Lesniak's pleadings do not allege the existence of any other contract that the City and the Plan have breached except for these Plan Documents," the Austin Court of Appeals held that chapter 271 did not apply to waive the City's immunity from suit. *Id.* at *3. The Austin Court of Appeals was careful, however, to premise its holding on the limited record before it, stating that "[o]n this record, we conclude that the contracts under which

26

Lesniak sues the City and the Plan for breach of contract do not fall within the limited waiver of immunity" in chapter 271. *Id.* at *3.

Contrary to the facts in *Lesniak*, however, the Plan here does identify performance or services covered persons must complete to be entitled to benefits—they must be routinely assigned to work at least thirty-two hours per week, be employed on the date the Plan was executed or after a ninety-day waiting period, and pay premiums via paycheck deductions. And the record before us, unlike the record in *Lesniak*, contains not only the Plan but also two other contracts: the Hospital's contract with FSL and the Hospital's contract with Group Resources, which both state essential terms for providing services to the Hospital. Also unlike Lesniak's pleadings, Appellants' pleadings do plead breach-of-contract claims against the Hospital for breach of the Plan and for breach of the FSL policy. Thus, because the record before us contains pleadings and jurisdictional evidence absent from the record in *Lesniak*, we apply the law to the record that is before us and reach a different result.

### E. Summary

In summary, Appellants met their burden of pleading facts and providing some evidentiary support showing the elements of a substantial breach-of-contract claim necessary to trigger a waiver of immunity under chapter 271—that the Hospital is a local governmental entity that is authorized by statute to enter into a contract; that the Plan is a written contract; that the Plan states the essential terms of the agreement for providing services to the Hospital; that the

27

Plan was properly executed on behalf of the Hospital; that Appellants have pleaded breach-of-contract damages against the Hospital that fall within the limitation on damages available under section 271.153; and that Appellants possess standing to sue for breach of the Plan because they are "at least" third-party beneficiaries of the Plan. *See Zachry Constr. Corp.*, 449 S.W.3d at 109–10 (explaining that when the claimant pleads facts with some evidentiary support that constitute a claim for which immunity is waived, the claimant has shown a substantial claim). In other words, Appellants have met their burden with respect to these elements or requisites of a section 271.152 waiver of immunity for a governmental entity in a breach-of-contract suit. *See McMahon Contracting, L.P.*, 277 S.W.3d at 464. Accordingly, we sustain Appellants' first issue.[10]

We also sustain Appellants' fifth issue, arguing that the trial court erred by granting the Hospital's plea to the jurisdiction "[a]s to Plaintiffs' additional tort claims against the Hospital" because Appellant's live pleading asserts no tort claims against the Hospital.[11]

## IV. CONCLUSION

Having sustained Appellants' first and fifth issues, we reverse the trial court's order granting the Hospital's plea to the jurisdiction concerning

---

[10]Because we have sustained Appellants' first issue and reversed the trial court's order, we need not address Appellants' issues 2, 3, and 4 that raise alternative grounds for reversal. *See* Tex. R. App. P. 47.1 (providing that appellate court must address only issues necessary to disposition of appeal).

[11]The Hospital's brief contains no response to this issue.

28

Appellant's breach-of-contract claims against the Hospital.  We remand this case to the trial court for further proceedings consistent with this opinion.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  April 5, 2018